[Motion No. 4788. Second Appellate District, Division Two.—November 28, 1924.]

In the Matter of the Application of GERARD RYZEK for Admission to Practice Law in All Courts of the State of California.

[1] ATTORNEY AT LAW—LAWYER FROM SISTER STATE—ADMISSION TO BAR—COMPLIANCE WITH SECTION 279, CODE OF CIVIL PROCEDURE. A person admitted to practice law in the highest court of a sister state is not, under section 279 of the Code of Civil Procedure, entitled to be admitted to practice in the courts of this state, where he has not practiced in said sister state during the seven years immediately preceding his application for admission in this state.

[2] ID.—PURPOSE OF SECTION 279, CODE OF CIVIL PROCEDURE.—The requirement of section 279 of the Code of Civil Procedure that a lawyer from a sister state who makes application to be admitted to the bar of this state must, in his former place of residence, have been "admitted" and, "after such admission," must have "practiced" during the required period, is prescribed to the end that our state board of bar examiners may be assured of two things, first, that his ability as a lawyer has been demonstrated in the state of his former residence, as of a period late enough to show that he has kept in recent touch with the practice, and, second, that through his practice without a stain his possession of a good moral character has been demonstrated.

[3] ID.—LAWYER FROM SISTER STATE—ADMISSION TO BAR OF SISTER STATE—CHARACTER OF—EVIDENCE—RIGHT TO BE ADMITTED TO BAR OF THIS STATE.—A lawyer who was admitted to practice law in a sister state for a probationary period of one year and as to whom, through inadvertence, no order was made by the court of the sister state as required by statute at the end of the probationary period permitting him to practice, is entitled to admission to the bar of this state, where he practiced in the sister state continuously for ten years, within which period was the three years within the seven which is contemplated by section 279 of the Code of Civil Procedure, and it is shown that during all the time of his practice in the sister state he had the requisite ability and possessed the requisite moral character to entitle him to be finally licensed in the sister state as a lawyer.

(1) 6 C. J., p. 576, sec. 25.    (2) 6 C. J., p. 576, sec. 25.    (3) 6 C. J., p. 576, sec. 25.

1. See 3 Cal. Jur. 597.

APPLICATION for admission to the bar. Application granted.

The facts are stated in the opinion of the court.

Gerard Ryzek, *in pro. per.*, A. C. Routhe and John T. Mulligan for Applicant.

John E. Biby for Respondent State Board of Bar Examiners.

WORKS, J.—On August 5, 1924, applicant filed his formal application for admission to the bar. As required by the terms of section 279 of the Code of Civil Procedure the application went to the state board of bar examiners for investigation and report, the application having been based upon applicant's admission to the bar of sister states and upon consequent practice therein. Section 279 provides, among other things, that any person falling within a certain classification, who "has been admitted to practice law in the highest court of a sister state, . . . and who, after such admission, has been engaged in actual practice of law within such state . . . for a period of at least three years within the period of seven years immediately preceding the filing of his application, may be admitted to practice in all the courts of this state." After due investigation the state board of bar examiners recommended that applicant be not admitted to the bar "solely because of insufficient former practice." Applicant now petitions that he be admitted notwithstanding this adverse recommendation.

It will be observed that the seven years within which appellant must have practiced three years in a sister state commenced on or about August 5, 1917, and ended August 5, 1924, the date of the filing of the application from which this proceeding follows. Applicant was first admitted to the bar by the highest court of Oregon in 1907. He regularly practiced his profession in that state until 1911, when he removed to the state of Washington. There he was admitted by the highest court of the state on May 12th of the same year, but the admission was for one year only and doubtless must be regarded as having been of a probationary character.

This latter fact appears from the nature of the statute of Washington under which the license was issued: "Members of the bar of other states having been entitled to practice in the highest courts of record of their respective states for at least two years immediately preceding their application for admission to practice in this state, provided that such applicant upon showing the qualifications as provided in the next preceding section, the court, if satisfied of the applicant's fitness shall enter an order permitting such applicant to practice law in this state for a period of one year, at the end of which time the court being satisfied that such applicant is of good moral character and a fit and proper person to practice law in this state, an order shall be entered so admitting such applicant." No order was made as required by this statute at the end of applicant's probationary year, if it is to be so regarded, and he asked for no such order. Nevertheless, he continued uninterruptedly to practice law within the borders of the state until in 1921, a period of ten years in all, when he removed to Montana. He was admitted to the bar of that state on April 4, 1921, and practiced there until December, 1923, a period of two years and eight months, when he came to California. For a period of five months after his arrival in this state applicant advised his clients in Montana by letter and prepared "legal papers" which were filed in the courts of that jurisdiction.

While the reasons for the conclusion of the state board of bar examiners that applicant was not entitled to admission to the bar of California "because of insufficient former practice" do not appear from the written report of that body to this court, it is probable, upon a view of the brief now on file in this proceeding and presented by its representative, that these were the grounds upon which the conclusion was reached: 1. That applicant had not practiced in Oregon, the state in which he was originally admitted to the bar, during the seven years immediately preceding his application for admission in this state. 2. That while he practiced in Washington more than three years after August 5, 1917, the date which opens the seven years, he was an interloper in that practice because of the fact that the only license which he had obtained in that jurisdiction expired on May 12, 1912, and that therefore he could not be said both to have been

"admitted" and to have "practiced" in that state "after
such admission" during the three years which is now of
interest, as required by section 279 of the Code of Civil
Procedure. 3. That his practice in Montana was insufficient
for the reason that to make up the required three years there
must have been included the five months during which he
"practiced" in that state by means of the mails, he being
outside the limits of the state during that entire period.
[1] As to the first ground the conclusion of the board was
undoubtedly correct. Whether its conclusion was right, as
based upon the third ground, we shall not decide. While,
also, we shall not determine that the board was in error as
to its finding as based upon the second ground, we have con-
cluded that applicant's admission and practice in Washing-
ton were sufficient to entitle him to admission to the bar of
this state, largely, however, upon facts which have come to
light since the adverse report of the state board of bar ex-
aminers was made.

It appears that applicant's certificate of admission to prac-
tice in Washington was destroyed by fire in 1921, and the
fact that he had been admitted there for only one year was
shown by the records of the highest court of the state and
not from the face of the paper which had been in his
possession. Applicant avers that "the certificate granted him
by the supreme court of the state of Washington in 1911
to practice law was exhibited to the assistant attorney-
general of the state of Montana at the time he appeared for
examination for admission to practice law in Montana, and
was accepted by him on behalf of the supreme court of
Montana as a general admission to practice law in the state
of Washington without limitation, and this applicant is of
the fixed opinion and belief at this time, and alleges that said
certificate of admission was a general admission and not an
admission to practice law for one year only." It was during
the conduct of the investigation by the state board of bar
examiners, pursuant to applicant's application for admission
in this state, that the condition of the record touching his
admission to the bar of Washington came to light, and ap-
plicant thereupon applied to the highest court of that state
for a certain order, which order was made and entered over
the signature of the chief justice of the court. This order

has been filed in this court since the making of the adverse report of the state board of bar examiners upon applicant's application. The order recites, by way of premise, that on May 12, 1911, applicant was admitted to practice in Washington for one year; that at the end of that year "and during all the times herein mentioned, this Court was satisfied as to the fitness" of applicant to practice law and that he "was of good moral character and was a fit and proper person to practice law in this state"; that "thru inadvertence and mistake no order of this Court was made and entered" at the end of the year admitting applicant "to practice law as an attorney in all Courts of this state"; and that applicant, "as is shown by the records and decisions of this Court for a number of years after his said admission and for a number of years after the expiration of one year from the date of his admission to practice law above set forth, has appeared as an attorney in numerous cases in this Court and superior courts of this state, and has practiced law in the courts of this state." Upon these premises the court ordered that applicant "be and he is hereby admitted to practice law in all courts of this state from the 12 day of May 1912, the same as if an order of this court had been made on said date; that this order shall have the same effect as applies to the acts" of applicant "in practicing law from and after said date, as if this order had been made on said date." One of the justices of the highest court of Washington has issued to applicant, also, a certificate which has been filed with us since the state board of bar examiners made its adverse recommendation upon applicant's application, which recites that applicant "is an attorney in good standing, that he is of good moral character and that he has been engaged in the actual practice of law in this state for a period of more than three years." This certificate of the justice is accompanied by a certificate of the clerk of the court to the effect that applicant "was regularly admitted to practice as an attorney and counselor at law in the Supreme Court and all the courts of the State of Washington, on the 12th day of May, 1912, and is now an attorney in good standing in said Supreme Court." Although this certificate of the clerk is absolute in its statement that applicant was admitted in 1912, we shall assume that it was based

upon the *nunc pro tunc* order of the court, parts of which are above set forth. No other conclusion can properly be drawn from the entire record before us.

[2] We can perceive two purposes which furnish basic reasons for the provisions of section 279 of the Code of Civil Procedure which establish the qualifications required to be shown by a lawyer from a sister state who makes application to be admitted to the bar of California. He, in his former place of residence, must have been "admitted" and, "after such admission," must have "practiced" during the required period, to the end that our state board of bar examiners might be assured of two things. These are, first, that his ability as a lawyer had been demonstrated in the state of his former residence, as of a period late enough to show that he had kept in recent touch with the practice, and, second, that through his practice without a stain his possession of a good moral character had been demonstrated. It cannot be denied, speaking in a strictly technical vein, that the section means that during all his practice within the prescribed period the applicant shall have been an "admitted" attorney. Nor can it be denied that applicant fails of the requirement, laying aside the question of the effect of the *nunc pro tunc* order, if the strict technical meaning alone of the section be regarded. [3] We think, however, that applicant has substantially met the requirement of the statute, even if we disregard the *nunc pro tunc* order. He practiced in Washington continuously for ten years, within which period was the three years within the seven which is contemplated by the section, thus showing to the highest court of that state not only his ability as a lawyer, but his possession of a good moral character under the temptations of the practice. So far as we can conceive a purpose in section 279, applicant has shown us everything of a substantial nature which could be shown by any applicant for admission on motion except the mere fact of a practice under an existing certificate of admission and one continuous in character. This the Washington court would have granted him but for the inadvertence referred to in the premise of the court's *nunc pro tunc* order. The court certifies that, at the time the final admission should have been ordered, it was entirely satisfied that applicant had the requisite

ability and possessed the requisite moral character to entitle him to be finally licensed as a lawyer. The court acquiesced in his practice, which was in a sense illicit, for nine years, and with knowledge of the fact, during all the time, as it certifies, that he was thoroughly qualified in all the respects which are of interest under our section 279 of the Code of Civil Procedure. We are satisfied that applicant should be admitted to the bar of this state.

We have not found it necessary to determine the effect of the *nunc pro tunc* order of the Washington court. This point we do not decide for the reason that it appears to possess some difficulty, and because, for the reasons above set forth, we are of the opinion that a solution of it is not necessary to the conclusion we have reached. Nor do we think it necessary to decide whether it was incumbent upon applicant to have asked for a certificate of final admission at the end of his probationary year as a lawyer in Washington, or whether it was incumbent upon the court to enter the requisite order of its own motion. It is evident that the order would have been made had it occurred to anyone interested to suggest its entry. We cannot perceive that the mere failure to enter it can affect appellant's substantial qualifications to entitle him to admission to the bar here under our statute.

Applicant is admitted to the bar and the clerk of this court will issue to him a certificate of such admission in the usual form.

Finlayson, P. J., and Craig, J., concurred.