[Civ. No. 4743. Second Appellate District, Division Two.—January 23, 1925.]

In the Matter of the Application of JOHN GARDNER SCOTT for Admission as an Attorney and Counselor at Law.

[1] ATTORNEY AT LAW—ADMISSION TO BAR—ACTUAL PRACTICE IN SISTER STATE—EVIDENCE.—In this proceeding upon an application for admission to the bar of this state, grounded upon a former admission and practice in a sister state, the showing that the applicant had been admitted to practice in such sister state and his license had not been revoked, that after such admission he practiced law in such sister state for a period of a little more than one year and ten months, and that thereafter, although living in this state continuously for the succeeding year and seven months (or until the filing of his application for admission to the bar of this state), he continued to maintain an office in such sister state and to practice law therein by mail, did not meet the requirement of section 279 of the Code of Civil Procedure that he shall have been engaged in "actual practice" in such sister state for a period of at least three years within the period of seven years immediately preceding the filing of his application.

(1) 6 C. J., p. 577, n. 13.

APPLICATION for admission to the bar of this state. Denied.

The facts are stated in the opinion of the court.

John Gardner Scott, *in pro. per.*, and Arthur Lasher for Petitioner.

WORKS, J.—On April 21, 1924, petitioner filed his application for admission to the bar, the application being grounded upon a former admission and practice in the state of Arizona. The state board of bar examiners, after due investigation, recommended that petitioner be not admitted, and he asks that we now order his admission, notwithstanding the adverse recommendation.

[1] The only question to be determined is whether petitioner's case, as shown by affidavits filed in his behalf, is within the provisions of section 279 of the Code of Civil

Procedure, which reads, in part: "Any citizen . . . who has been admitted to practice law in the highest court of a sister state, . . . and who, after such admission, has been engaged in practice of law in such state . . . for a period of at least three years within the period of seven years immediately preceding the filing of his application, may be admitted to practice in all the courts of this state, upon the production of his license, and satisfactory evidence that his license has not been revoked and . . . that he has been so engaged in actual practice in such state . . . , as above provided. . . ."

Without question, petitioner was admitted to practice by the highest court of Arizona on November 6, 1920, and, equally without question, his license to practice in that state has never been revoked. Has he been engaged in the "actual practice" of law there, however, for "at least three years within the period of seven years immediately preceding the filing of his application," on April 21, 1924, here?

At the date of his admission in Arizona petitioner was a resident of that state. He continued to live there until September 17, 1922, covering a period of a little more than one year and ten months, when he came to California. Everything shown by him or on his behalf concerning his practice in Arizona is as follows: It is averred in an affidavit made by petitioner and on file in this proceeding that immediately after his admission in Arizona "he engaged in the practice of law and opened offices for such purpose . . . at Prescott, . . . Arizona, and ever since has continued to be a member in good standing of the bar of Arizona and as subject to the orders of the courts of said State"; that "ever since his said admission . . . he has held himself out as a practicing attorney of said state, and in the course of his practice as such, he appeared as attorney of record for plaintiffs, or defendants, in numerous cases before the Superior Court in and for Yavapai County, and in other courts of said state, and conducted the prosecution or defense thereof"; that "from the day of his admission until on or about the 17th day of September, 1922, he remained in person within the State of Arizona, but, that at the time last mentioned he came to California for the purpose and with the intent to organize a certain Fraternal Association" and that "he did organize such association"; that "affiant is retained by said association as its attorney for the State of Arizona, and also as its

Chief Counsel, to supervise and control its Legal Department, and any litigation it may become interested in, in any state, or place, whatsoever''; and that ''such legal matters in Arizona as needed his attention, affiant has attended to by correspondence for the reason that, in his, affiant's, opinion, such course was more practical and economical than to have made numerous trips between California and Arizona which would have been necessary under the existing circumstances had affiant done otherwise.'' In a second affidavit made by petitioner in this proceeding it is averred that ''the principal intent and purpose of his coming to California'' on September 17, 1922, was ''that it was necessary to have a personal interview with a client who had moved to California, in connection with a certain litigation then pending in the Superior Court of Yavapai County, Arizona, . . . before taking any further action therein''; that ''at the time of coming to California, affiant fully intended to, and in a short time, return to Arizona, has retained his law offices there and held himself ready so to do should the interests of his clients demand his personal presence''; that ''before being admitted to practice in Arizona, affiant became interested in a corporation, . . . that after being admitted he did the legal work of said corporation and appeared as attorney of record in one or two cases therefor, but that said law work was the only such work in which he had an interest personal to himself. That affiant cannot recall all the work he did, during this time, in the course of his practice, but says: that in the course he secured the acquittal of a young man charged with forgery upon trial; . . . that a client having been fined by the Recorder's Court upon a misdemeanor charge, he appealed and secured a verdict of not guilty before a jury in the Superior Court; that he foreclosed a mechanic's lien; probated an estate; foreclosed a mortgage; secured judgment against a bank in damages; secured a dismissal in a United States Case''; and that ''after being admitted to practice law in Arizona, and those Courts of the United States to which he is admitted [for he has a license to practice in the United States courts], he has at all times held himself out, as a practicing attorney of said Courts, duly empowered and authorized to practice in said several courts.'' An Arizona trial judge writes a letter dated March 21, 1924, in which he says that petitioner ''is

a practicing attorney at the Bar of this Court and has tried numerous cases before the writer as presiding Judge.'' An affidavit of a practicing lawyer of Arizona contains the statement that petitioner ''is an attorney at law and has been a duly authorized attorney at law in the State of Arizona since November 6, 1920, and that he has been practicing in the town of Prescott, State of Arizona, since that date.'' An affidavit made by an individual at Prescott, Arizona, contains an averment that petitioner ''has continuously had law offices in . . . Prescott, Arizona, from November 6th, 1920, to [August 2, 1924], and that I have received law opinions from him in the last several months mailed to me here in Prescott, Arizona.''

We can perceive in the record no showing that petitioner has engaged in the ''actual practice'' of law in Arizona, as that term is employed in our statute, since September, 1922, when he came to California, if we grant that his showing is sufficient as to such ''actual practice'' during the year and ten months of his residence in Arizona after his admission there. His holding himself out as an Arizona lawyer and his maintenance of an office in that state since he has been in California amount, in our view, to no evidence that he ''has been engaged'' in practice in the sister state. There are general statements in one or two of the affidavits made by others than himself which might in some degree be helpful to him were it not for the showing made by the affidavits signed by himself. These latter affidavits apparently convey the idea that he has never been in Arizona since September, 1922. Certainly, they do not show affirmatively that he has ever been there since that date. The showing as to his practice by mail, granting for the sake of argument that it can be considered at all, amounts in substance to nothing. On the whole, the showing as to an ''actual practice'' in Arizona since September, 1922, is negligible to the extent that it is practically imaginary.

Petition denied.

Finlayson, P. J., and Craig, J., concurred.