[Civ. No. 5286. Second Appellate District, Division One.—May 17, 1926.]

In the Matter of the Application of CHARLES S. Mc-KELVEY for Reinstatement as an Attorney and Counselor at Law.

[1] ATTORNEY AT LAW — APPLICATION FOR REINSTATEMENT — MORAL QUALIFICATIONS — REFERENCE TO BOARD OF BAR EXAMINERS. — On this application for reinstatement as an attorney and counselor at law, the appellate court being satisfied as to the mental qualifications of petitioner, the matter was referred to the board of bar examiners, with direction that the board take such evidence as may be submitted to it by petitioner, and by the local bar association, concerning the moral qualifications of petitioner, and report the evidence by filing a transcript or copy of it with the clerk of the court, together with its findings upon the question of whether or not petitioner is possessed of such moral qualifications as to entitle him to reinstatement, and petitioner and the local Bar Association were given the right to take exceptions to any or all the findings of the board.

---

(1) 6 C. J., p. 615, n. 90 New.

1. See 3 Cal. Jur. 752.

APPLICATION for reinstatement as an attorney and counselor at law. Referred to Board of Bar Examiners.

The facts are stated in the opinion of the court.

William M. Morse, Jr., Dana R. Weller and W. H. Anderson for Petitioner.

Kenyon F. Lee for Los Angeles Bar Association.

CONREY, P. J.—In the *Matter of Stevens*, 77 Cal. App. 495 [247 Pac. 231], the court, in division two of this district, outlined the procedure which that division has established for its disposition of matters of this nature. In accordance with that procedure the matter of the application of Stevens was referred to the board of bar examiners for investigation and report to the court concerning both the moral qualifications and the mental qualifications of the applicant. The causes for disbarment of Stevens and of McKelvey were similar and arose out of the same transactions.

[1] So far as the mental qualifications of McKelvey are concerned, we think that no further inquiry need be made. He practiced law as a member of the bar of this state for many years. There is nothing in the record tending to show that he was subject to any mental disqualification.

By reason of the facts above stated and by reason of the fact that an examination into the moral qualifications of Stevens is now being made by the board of bar examiners, it seems to us especially appropriate that the matter of the moral qualifications of McKelvey should be the subject of examination and report by that board at the same time.

It is ordered that the application of McKelvey be and it hereby is referred to the board of bar examiners of the state of California, with the direction that the board take such evidence as may be submitted to it by the applicant, and such evidence as may be submitted by the Los Angeles Bar Association, concerning the moral qualifications of the applicant. The board will report the evidence by filing a transcript or copy of it with the clerk of this court, together with its findings upon the question of whether or not the applicant is possessed of such moral qualifications as to entitle him to reinstatement. If the letters and affidavits now

on file with the application, or any of them, are presented as evidence before the board, the originals of such documents should be referred to in the report, but copies thereof need not be incorporated in the transcript of evidence received. When the report of the board has been filed, either the petitioner or the respondent may take exceptions to any or all of the findings of the board. The exceptions shall be presented in a manner similar to that followed in *In re Ryzek,* 70 Cal. App. 23 [232 Pac. 473], and in *In re Scott,* 70 Cal. App. 716 [234 Pac. 128].

Houser, J., and York, J., concurred.