[Civ. No. 5465. Second Appellate District, Division Two.—November 6, 1926.]

In the Matter of the Application of LELAND S. KEPLER for Reinstatement as a Member of the Bar of the State of California.

[1] ATTORNEY AT LAW—REINSTATEMENT—ABSENCE OF MORAL QUALIFICATIONS—DENIAL OF APPLICATION WITHOUT REFERENCE.—Where an attorney is disbarred because of certain moral delinquencies incident to his conduct in connection with a certain action, and at the subsequent hearing before the district court of appeal on his application for reinstatement, said disbarred attorney is called to the stand and upon examination it appears that he has not the moral qualifications entitling him to a reinstatement, the district court of appeal is enabled to pass upon the merits of the application, without the necessity for a reference to the board of bar examiners, and such application will be denied.

[2] ID. — FALSE ALLEGATION IN PETITION — DENIAL OF REINSTATEMENT.—Where said disbarred attorney incorporates in his petition for reinstatement an allegation to the effect that the judgment rendered against him in the action leading to his disbarment "has been fully paid and satisfied," whereas said judgment was not paid, but was satisfied by the payment of a lesser sum, as a compromise induced by threat of bankruptcy, the incorporation of such false allegation was sufficient to deny him restoration to the ranks of the legal profession.

(1) 6 *C. J.*, p. 616, n. 94 New.     (2) 6 *C. J.*, p. 615, n. 84.

APPLICATION for reinstatement as an attorney at law. Denied.

The facts are stated in the opinion of the court.

Leland S. Kepler, *in pro. per.*, for Petitioner.

Arthur L. Levinsky, H. J. Forgy, A. W. Rutan and Clyde Bishop for Respondent.

WORKS, P. J.—For some time prior to February 24, 1925, petitioner was an attorney at law, practicing his profession

principally in the county of San Joaquin. On that date a judgment of disbarment was pronounced against him because of certain moral delinquencies incident to his conduct in connection with a certain action in the superior court of the state, in and for the county mentioned. Soon after his disbarment he removed to the county of Orange. He petitions for a reinstatement in the ranks of the profession. The petition is vigorously resisted by the bar association of each of the counties named, in lengthy answers which allege a variety of reasons why the petition should not be granted.

[1] At the hearing before us petitioner was called to the witness-stand. As a result of his examination we are enabled to pass upon the merits of his application, without the necessity for the reference contemplated by the general rules of procedure which we have recently laid down in our opinion *In re Cate,* 77 Cal. App. 495 [247 Pac. 231], for the conduct of matters of a nature similar to that which now lies before us.

[2] The facts presented to us upon the examination of the applicant as a witness are such that the proceeding may be terminated with great brevity. In the action which led to the disbarment of petitioner a judgment for $650 was rendered against him. In his petition for reinstatement he alleges that "the said sum of $650.00 . . . has been fully paid and satisfied." The allegation that the amount named has been "paid" is false, although it is true that the judgment for it has been "satisfied." The testimony of petitioner shows that his indebtedness under the judgment was compromised and that he had paid but $500 for a satisfaction of the judgment. Not only so, but it is fairly inferable from his testimony that he induced the settlement by threats that he would go into bankruptcy if a payment in full were insisted upon. The judgment, with interest and costs, amounted to more than $700 at the time the settlement was made. Morover, petitioner testified that at the time of the compromise he had enough money to pay the judgment in full.

Under all these circumstances it is plain to us that petitioner has not the moral qualifications entitling him to a reinstatement. It is enough, without saying more, that he incorporated a false allegation in the petition by means of

which he has sought to bring about his restoration to the ranks of the legal profession.

Petition denied.

Craig, J., concurred.

Thompson, J., not having been a member of the court at the time this proceeding was submitted for decision, did not participate in the determination of it.