[Civ. No. 5286.   Second Appellate District, Division One.—April 19, 1927.]

In the Matter of the Application of CHARLES S. McKELVEY for Reinstatement and Admission to Practice Law.

[1] ATTORNEY AT LAW—DISBARMENT—ATTEMPT TO PRACTICE LAW—REINSTATEMENT—EVIDENCE.—On an application for reinstatement and admission to practice law, after disbarment following conviction in a federal court on a charge of conspiracy to violate the mails of the United States, where it appears that the applicant has been in fact acting as an attorney and counselor at law since his disbarment, or by his conduct has been attempting to do under cover that which he could not lawfully do at all, his application should be denied; but such application should not be denied merely because there is testimony that he has been paid a small salary for his services as office assistant in a law office, and there is nothing to indicate that he was so paid in any other capacity than that of a clerk, or that his compensation was intended to be or was a substitute for fees which otherwise he might have received.

[2] ID.—MISCONDUCT OF ATTORNEY—SUBSEQUENT GOOD CONDUCT—OPPORTUNITY FOR REINSTATEMENT.—While the important trusts involved in the practice of law, and the necessity for upholding high moral standards in the profession, forbid the court to yield to the pressure of sympathy for one whose misconduct has placed him in an unfortunate situation, a decent regard for justice should leave open the door of opportunity for men who have re-established their integrity and the evidence of it by a long period of good conduct after the commission of a serious offense.

(1) 6 C. J., p. 615, n. 84.   (2) 6 C. J., p. 615, n. 81.

APPLICATION for reinstatement and admission to practice law.   Granted.

The facts are stated in the opinion of the court.

William M. Morse, Jr., Dana R. Weller and W. H. Anderson for Petitioner.

Kenyon F. Lee for Respondent, Los Angeles Bar Association.

2.   Reinstatement of disbarred or suspended attorney, note, 48 A. L. R. 1236.   See, also, 3 Cal. Jur. 751; Cal. Jur. 1926 Supp., p. 232; 2 R. C. L. 1114.

CONREY, P. J.—By order entered herein on May 17, 1926, the application of petitioner was referred to the board of bar examiners, with the direction that the board take evidence concerning the moral qualifications of the applicant; that the evidence taken, together with the findings of the board as such referee, upon the question whether or not the applicant is possessed of such moral qualifications as to entitle him to reinstatement, be filed herein. (*Matter of McKelvey*, 78 Cal. App. 66 [247 Pac. 1114].) Thereafter, a hearing was had and evidence produced, which is now on file, together with a report of the board of examiners. In that report the board presented a summary of the evidence, together with a finding or conclusion that "applicant is not of good moral character in the sense in which that phrase is used when applied to attorneys at law, and he is not a fit and proper person to be entrusted with the privileges of the office of an attorney at law."

After said report was filed, and pursuant to notice, the applicant presented his motion that the applicant be admitted to practice, notwithstanding said adverse report.

Passing without comment those parts of the notice of motion which only relate to procedure, the court will proceed directly to the principal ground of the motion, which, as stated, is, "that all of the evidence adduced shows that applicant is of good moral character and competent to carry on the practice of law before the courts of this state." At the time when the order of reference was made the court in effect determined that the applicant possessed the necessary mental qualifications. The case is one in which an applicant heretofore disbarred after conviction in a federal court on a charge of conspiracy to violate the mails of the United States, and who has remained thus disbarred for a period now approaching ten years, now asks to be readmitted, and permitted again to practice law in this state.

The petition for reinstatement filed herein on the twenty-eighth day of December, 1925, is accompanied by verified statements of numerous persons, which in various terms attest the present good moral character of the petitioner and declare the belief of those persons that, if restored to his right to practice law, the applicant will be a credit to the legal profession. The persons furnishing these state-

ments include William F. Palmer, W. S. Knott, W. H. Anderson, Ward Chapman, and other members of the bar, who would not, we assume, make such statements unless they believed that the petitioner is a man of good moral character. It further appears that after his conviction petitioner received a pardon from the President.

The report of the board of examiners states that none of the letters or affidavits on file with the application were offered or received in evidence before the board. The matter was submitted to the board on the oral testimony of eleven witnesses on behalf of the petitioner and one witness, Mrs. Julia Westover, on behalf of the Los Angeles County Bar Association. The witnesses for petitioner were C. C. Sinclair, J. C. Porter, Charles J. Kelly, J. C. Frank, Arthur Lasher, C. S. Mauk, J. Everett Brown, Curt E. Miller, W. H. Anderson, William M. Morse, and Charles S. McKelvey.

The following statements of fact are taken from the summary made in the report of the testimony received by the board:

*First:* That after his disbarment, the petitioner, who is a mining engineer, remained away from Los Angeles about one and one-half years. Since his return he has been listed in the telephone directory as a mining engineer, the directory showing the same telephone number as the law office of J. Everett Brown. Petitioner has not paid rent to Mr. Brown, but has been employed by him to do work in his office in looking up matters of law and writing briefs in various actions.

*Second:* That three or four years ago petitioner worked in the law office of William M. Morse, Jr., a few months, then went to Imperial County for a year, and again returned to the office of Morse, where he has been occupied as an employee of Morse in the examination of questions of law, drafting of pleadings, and writing of briefs. Petitioner's name is on Mr. Morse's office door as ''Charles S. McKelvey, Mining.''

*Third:* That during the ten months preceding the hearing before the board petitioner has been doing work of a legal character for Mr. Morse, including the giving of advice to clients of Mr. Morse on legal questions.

*Fourth:* That about five years ago the petitioner had space in the office of Mauk, Walters & Morse. Since then he has

had space in the offices with the above named and other attorneys at law and has been occupied substantially as stated in the preceding paragraphs.

*Fifth:* That petitioner has been the teacher of the men's Bible class of a certain church, where he has been a regular attendant during the past six and one-half years, and is one of its officers.

[1] It has been suggested as a reason for denying the application for reinstatement that the evidence tends to show that petitioner has been practicing law indirectly, and thus has been evading the legal effect of his disbarment; and that this constitutes such misconduct that it shows his unfitness to be admitted to practice law. If it were true that he has been in fact acting as an attorney and counselor at law, or by his conduct has been attempting to do under cover that which he could not lawfully do at all, then, of course, his application should be denied. But the evidence wholly fails to establish the fact of such evasive conduct. It does not show or tend to show that the applicant has been obtaining clients or has retained his former clients, or has been serving them with the connivance and assistance and through the use of the names of the lawyers in whose offices he has been employed. The testimony is that he has been paid a small salary for his services as office assistant, but there is nothing to indicate that he was so paid in any other capacity than that of a clerk, or that his compensation was intended to be or was a substitute for fees which otherwise he might have received. The statement that petitioner has been "giving advice to clients of Mr. Morse" is based upon incidental matters of such slight importance that they should not be regarded as constituting an attempt to practice law. If there were any evidence tending to establish such an attempt to evade the consequences of the petitioner's disbarment, we should not only deny the present application, but we would not hesitate to call attention to such transactions as indicating misconduct upon the part of any attorney at law who thus assisted the applicant to conduct himself in violation of law. It cannot be denied that the offense of which the applicant was convicted, and on account of which he was disbarred, was an offense involving moral turpitude of a very serious character. The principal question presented is a test of the position which the court should take with regard

to the permanence of disbarments. **[2]** On the other hand, the important trusts involved in the practice of law, and the necessity for upholding high moral standards in the profession, forbid the court to yield to the pressure of sympathy for one whose misconduct has placed him in an unfortunate situation. On the other hand, a decent regard for justice should leave open the door of opportunity for men who have re-established their integrity and the evidence of it by a long period of good conduct after the commission of a serious offense. In another case, this court endeavored to express the rule as follows: "The petition for restoration should be granted when, and only when, the court upon the case as presented to it is convinced by positive evidence that the applicant has established, and now possesses, that good moral character which will make of him a trustworthy and honorable member of the bar." (*Matter of Nisbet*, 77 Cal. App. 260 [246 Pac. 120].)

This petitioner, now sixty-seven years of age, has remained under the ban of disbarment for ten years. We appreciate the careful consideration given to this matter by the referees, as well as the importance which they attach to the proceeding in its possible effect upon the high standards which should be upheld by the legal profession. Nevertheless, upon the record here, we feel compelled to the conclusion that the petition should be granted.

It is ordered that the petitioner, Charles S. McKelvey, be and he hereby is restored to the rights and privileges of an attorney and counselor at law, and is authorized to practice in all courts of this state.

Houser, J., and York, J., concurred.