[L. A. No. 13414. In Bank.—July 22, 1932.]

LELAND S. KEPLER, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Leland S. Kepler, *in pro. per.*, for Petitioner.

Philbrick McCoy for Respondent.

THE COURT.—Petitioner seeks by this application to be reinstated to practice as an attorney at law, notwithstanding the denial to him of the favorable recommendation of the Board of Bar Governors of the state of California. On February 24, 1925, petitioner was disbarred from the further practice of law by a judgment of the Superior Court of the County of San Joaquin. Said judgment was based upon three counts: "That the defendant, Leland S. Kepler, has committed acts involving moral turpitude and dishonesty, (1) In assuming a position adverse to the interest of his client, C. E. Jubb, (2) In claiming a transfer in good faith of a promissory note to R. H. Kepler, knowing the same to be not in good faith, and that the said R. H. Kepler was not the owner and holder thereof in due course, and (3) By deceiving an attorney and officer of the court and thereby

depriving the said attorney and his clients of a proper and legal defense to the note above set forth.'' No appeal was taken from said judgment. Thereafter, petitioner removed to Orange County, and in the next year filed a petition for reinstatement with the District Court of Appeal for the Second District, Division Two, which was denied by said court for the reason stated in the opinion that said application contained a statement which was not true. (*In re Kepler*, 79 Cal. App. 639 [250 Pac. 701].) Subsequent to his disbarment petitioner appeared as assignee of accounts for collection under the belief that the decision in the case of *O'Connell* v. *Judnich*, 71 Cal. App. 386 [235 Pac. 664], authorized him to so appear. In the case of *Koepple* v. *Morrison*, 84 Cal. App. 137 [257 Pac. 590], which he asserts was appealed for the sole purpose of determining whether or not he was entitled to appear in such actions, the right to appear was denied, and since the date of said decision, according to his petition, he has absolutely refrained from the practice of law. It appears that the wife of petitioner, R. H. Kepler, is the sole owner of the Koepple's Collection Agency of Santa Ana, California, and petitioner has worked in her office as an investigator at a stated salary, and in addition has been managing a ranch near Santa Ana owned by himself and wife. On December 3, 1930, the present petition was filed with The State Bar of California. The petition was referred by the Board of Governors to a committee to investigate and report on the fitness of the applicant for reinstatement. Hearings were held by said committee, at which hearings several witnesses appeared and testified on behalf of petitioner. Letters of recommendation from some ten persons were also filed with said committee. Thereafter, in a written report filed on June 9, 1931, the committee recommended to the Board of Bar Governors that petitioner be admitted to practice. The Board of Bar Governors, however, at its meeting on August 22, 1931, refused to accept the recommendation of the committee, and denied petitioner's application for reinstatement. Petitioner thereafter sought a writ of review in this court. In denying petitioner's application said board, after setting forth the facts of petitioner's original disbarment and the denial of his application for reinstatement by the District Court of Appeal in 1926, made the following finding with reference

to the issue of petitioner's rehabilitation, which is the sole issue presented here: "That the evidence introduced before the committee appointed to hear the evidence herein is insufficient to warrant the reinstatement of the petitioner, Leland S. Kepler; that the said Leland S. Kepler has not produced sufficient proof to prove that his conduct since his disbarment has been such as to inspire confidence in his character, honor and integrity, and to warrant his reinstatement, or to inspire belief and opinion that he can be safely admitted to practice again and entrusted with the affairs of his clients."

After a careful consideration of the record presented, we are of the opinion that this finding of the Board of Bar Governors is correct, and we, therefore, concur in the conclusion of the said Board of Bar Governors, based upon this finding, that the application for reinstatement should be denied. ██ The sole object of the court, upon an application by an attorney previously disbarred for reinstatement to practice, is to determine whether or not the character of the applicant is such that he should be admitted to an office of trust, and recommended to the public as a trustworthy person, fit to be consulted by others in matters of confidence. (*In re Mash*, 39 Cal. App. 548, 551 [179 Pac. 897].) ██ In such proceeding the burden of proof is upon the one who seeks, after disbarment, to accomplish a restoration to the ranks of the legal profession, and before the court may grant the petition for reinstatement it must be satisfied and fully convinced by positive evidence that the effort he has made toward rehabilitation of his character has been successful. (*In re Cate*, 77 Cal. App. 495 [247 Pac. 231]; *In re Nisbet*, 77 Cal. App. 260, 262 [246 Pac. 120].) It is only reasonable that the person seeking reinstatement, after disbarment, should be required to present stronger proof of his present honesty and integrity than one seeking admission for the first time whose character has never been in question. In other words, in an application for reinstatement, although treated by the court as a proceeding for admission, the proof presented must be sufficient to overcome the court's former adverse judgment of applicant's character. (*In re Cate*, 60 Cal. App. 279, 285 [212 Pac. 694].) ██ An examination of the record shows that of the nine witnesses called to testify with reference to the re-

habilitation of petitioner, one was his wife, two were closely related by marriage, being brothers of his wife, one was an attorney at the time employed by his wife as attorney for her collection business, another was an attorney who had formerly been employed by his wife as attorney for her collection business, and another was the constable of Orange County who served papers for the collection agency. In addition to the testimony of these witnesses, petitioner filed with the committee ten letters. One or two of the letters were rather lukewarm, as for instance that of the manager of the Santa Ana Branch of the Security-First National Bank of Los Angeles, who merely states that "we know nothing derogatory of his character". On the whole, however, the letters were quite laudatory and express a confidence in petitioner's honesty and integrity. Giving to these letters all the weight to which they are entitled they do not, for the reasons stated, entirely satisfy us that petitioner has sufficiently rehabilitated himself to warrant his return to the practice of law in this state.

There is another feature of this matter which we think had a material bearing upon the decision of the Board of Bar Governors denying to petitioner its approval of his petition for reinstatement. Petitioner's first application for reinstatement was denied by the District Court of Appeal for the reason that in his said application he had stated that a judgment for $650, which judgment was secured by the judgment creditor as a result of the acts of petitioner which subsequently led to his disbarment, had been fully paid and satisfied, whereas in fact said judgment had been compromised for $500, which compromise had been induced by the threats of petitioner to go into bankruptcy. It was the conclusion of the District Court of Appeal that by virtue of the incorporation of this false statement in the said application, petitioner had demonstrated that he had not the moral qualifications entitling him to reinstatement. In this connection it appears in the present proceeding that the District Court of Appeal stated at the time said hearing was before it that an offer on the part of petitioner to pay the balance due on said judgment, after applying thereto said sum of $500, would place petitioner in a much more favorable position before the court than he then was with this amount still unpaid. Petitioner very properly drew

from this remark of the court the deduction that there was, at least in the opinion of that court, justly due from him the balance unpaid on said judgment. The opinion of the District Court of Appeal was rendered in November, 1926. Petitioner made no effort to pay this debt justly due from him, although the evidence shows that he has at all times had ample funds with which he could conveniently discharge it, until November 12, 1930, immediately prior to the commencement of this proceeding. He then, instead of paying the same to the parties entitled thereto, sent a check, covering the amount due, to the Board of Bar Governors of The State Bar, with the request that said board determine the person or persons entitled to the money represented by said check and for said board to then pay the same to said person or persons. The Board of Bar Governors very properly returned the check, stating that said board had no jurisdiction to act as an arbiter in such matters. No effort so far as the record shows has since been made by petitioner to pay the balance on said judgment and the same still remains unpaid. The conduct of petitioner in respect to this matter fails to show that he has yet manifested any correct appreciation of his obligations to those whom he has wronged in the past. If he were ever in doubt as to whether he should make this restitution, the warning of the District Court of Appeal should have been sufficient to dispel such doubt. Yet he waited over four years before acting in the matter, and then just before he planned to file a second application for reinstatement forwarded his check for the unpaid balance of said judgment to the Board of Bar Governors. This may have shown some slight intention of righting the wrong he had committed, but it was of short duration and entirely ineffective, for when informed by the Board of Bar Governors that he had not pursued the right course he evidently dropped the matter, with the result that the obligation incurred by him in a transaction which loomed large in his disbarment proceeding still remains unpaid. The delay of petitioner in the first place, followed by his failure to carry into final effect his attempt to make restitution, no doubt created a poor impression of petitioner's sincerity in the minds of the Board of Bar Governors. With this impression we agree.

In this state of the record we cannot say that we are fully persuaded and thoroughly convinced that petitioner is entitled to reinstatement. We do not wish to be understood as saying that there has not been a marked improvement in petitioner's conduct and in his conception of the duties and obligations of a member of the legal profession since his disbarment. We do say, however, that the showing made by petitioner fails to convince us that he is qualified at this time to be reinstated as a member of the bar of this state, and that the proof proffered falls short of conveying that certainty to our minds which we deem necessary in applications of this character.

The application for admission to practice law is denied.