**The ALASKA BAR ASSOCIATION,**
Plaintiff,

v.

**Quincy BENTON, Respondent.**

**No. 817.**

Supreme Court of Alaska.

Aug. 21, 1967.

James N. Wanamaker, Clouse & Wanamaker, Anchorage, for plaintiff.

No appearance by or on behalf of respondent.

## OPINION

PER CURIAM.

On July 15, 1965, the respondent member of the Alaska Bar was convicted on a plea of guilty of the crime of grand larceny in the State of Washington. It was the judgment of the Superior Court of King County, Washington that respondent serve a term of not more than fifteen years and a minimum term to be fixed by the Board of Prison Terms and Paroles and that the sentence be suspended on condition: (1) That he be under the charge of a parole officer and follow implicitly the instructions of the Board of Prison Terms and Paroles and the rules and regulations promulgated by the

Board for his conduct, during the term of the sentence, and (2) That he serve two months in King County Jail, with credit for time already served and thereafter make restitution and remain under the care of a psychiatrist as long as necessary.

On August 19, 1965, a Trial Committee of three of the Alaska Bar Association found that respondent's conduct required the imposition of discipline and unanimously recommended that he "be disbarred from the further practice of law; that his certificate to practice be revoked".

On December 17, 1966, the Board of Governors, by the affirmative vote of four members recommended to this court that the respondent be suspended from the practice of law for a period of five years. Two members of the Board dissented from the recommendation stating that in their belief the "Board should adopt the Trial Committee's recommendation of total disbarment."

Pursuant to Section 13(c) of Rule I of the Alaska Bar Rules, the matter was set for hearing before this court on March 22, 1967, for consideration of the question of whether the recommendation of the Board or the recommendation of the Trial Committee should be adopted by this court, in view of the fact that respondent's suspended sentence placed him in a state of parole supervision for a maximum period of fifteen years.

Respondent did not file a memorandum as he had been invited to do and did not appear for the hearing on March 22, 1967. The Alaska Bar Association filed a memorandum and made its appearance. It pointed out that it was the view of a majority of the Board that:

(1) Because of the provision of Sec. 16 of Rule I of the Alaska Bar Rules which requires clear and convincing proof of eligibility for reinstatement, a five year suspension would have the same effect as "total disbarment" if respondent's conduct did not improve.

(2) The door should not be entirely closed upon the possibility that respondent would reform his conduct to the extent that he would be a worthy member of the Alaska Bar Association.

State Bar Counsel pointed out that should respondent complete the five years of suspension and reapply for admission, the question of whether or not he was still on parole would be a pertinent matter to be considered by the trial committee hearing his petition for reinstatement, together with facts concerning his conduct during the intervening five years.

It appears that the concern of the Board that the door would be closed on the possibility of readmission of respondent in the event he should reform his conduct and become a worthy member of the Alaska Bar is based on a misinterpretation of the effect of an order of disbarment. It is noted that disbarment is described as "total disbarment" and used in a context which suggests that the Board is of the belief that an order of disbarment would forever foreclose respondent from applying for readmission and that this effect would be obviated by an order of suspension.

The fact is that "total" adds no additional force or effect to "disbarment". Nor does "permanent", which is often used in conjunction with "disbarment", add any force or effect to an order of disbarment. Alaska Bar Rule I does not establish degrees of disbarment. The effect of an order of disbarment is that the subject is removed from the rolls as a member of the Bar with the accompanying legal consequences and remains in that status unless and until he is reinstated in accordance with the procedure provided for in section 16 of Alaska Bar Rule I.[1]

The effect of an order of disbarment is not to create a total or permanent incapacity for the subject to be reinstated as a member of the Bar. Section 16

1. In re Oliver, 97 Utah 1, 89 P.2d 229, 234 (1939) summarizing Kepler v. State Bar, 216 Cal. 52, 13 P.2d 509 (1932);

State ex rel. Neb. State Bar Ass'n v. Butterfield, 172 Neb. 645, 111 N.W.2d 543, 546 (1961).

of Rule I provides for reinstatement after disbarment under the same procedure as for reinstatement after suspension for a year or more. (See first paragraph of section 16 of Rule I.) No maximum period of time is established as a condition precedent to application for reinstatement after disbarment. Conceivably, respondent in this case could be pardoned or otherwise freed of the obligation of his sentence in the State of Washington within two years or possibly less. That development, plus proof of reformed conduct could result in his reinstatement in the Bar in less than five years.[2]

Because the court is of the opinion that the recommendation of the Trial Committee is realistic and should be followed, it is ordered that respondent be disbarred.

---

2. See Application of Lonergan, 23 Wash. 2d 767, 162 P.2d 289 (1945), where petitioner was reinstated in the Bar four years after his sentence for mail fraud had expired.