In the Matter of the Application of NUBAR WRIGHT for Reinstatement to Membership in the State Bar of Nevada.

No. 3695

February 23, 1959                    335 P.2d 609

(Rehearing granted May 6, 1959.)

*George Rudiak,* of Las Vegas, for Petitioner.

*A. R. Schindler,* of Reno, Secretary of State Bar of Nevada, for State Bar of Nevada.

## OPINION

By the Court, Merrill, C. J.:

Nubar Wright, disbarred by order of this court on October 17, 1952, seeks reinstatement to the bar. The conduct for which he was disbarred is fully related in our opinion upon disbarment, In Re Wright, 69 Nev. 259, 248 P.2d 1080.

The petition was referred by us to the Board of Governors of the State Bar of Nevada. The board, following

hearing upon the petition, concluded that the evidence and testimony of the petitioner were not sufficient to warrant a recommendation of reinstatement. It recommended that the petition be denied.

In support of the petition are letters of recommendation from members of the bar of this state. Included are letters from several of the leaders of the bar of Las Vegas, where petitioner last practiced. Also included are letters written by lawyers and laymen who have known and observed petitioner during his period of disbarment. On hearing before the Board of Governors petitioner made a full statement in support of his petition and submitted to close questioning by members of the board. A transcript of this hearing is before us. Since disbarment petitioner has led a quiet, honest and respectable life.

Our problem upon this petition is to determine to the best of our judgment whether, under all of the circumstances, it may now fairly be said that the character defects which brought about disbarment have been cured. Upon such a question the decision in each case must depend upon the particular facts and upon whether the essential subjective factors can be said to have been satisfactorily established. In Re Snodgrass, 166 Okla. 156, 26 P.2d 756. We have accordingly given close study to the record upon this petition and, in the light of what that record discloses, have reexamined the original record on disbarment.

From our study it now appears likely that the conduct for which petitioner was disbarred resulted not from inherent dishonesty but from a lack of respect for the courts, for the office of attorney, and for the established canons of professional ethics.

Such an attitude, demonstrated as flagrantly as was the case here, is not to be tolerated in our profession and unquestionably disqualifies one from serving as an officer of the courts.

It appears to us, however, that time and conscientious

reflection have now brought respect and understanding to this petitioner. The wrongfulness of his conduct and the justice of his disbarment are now acknowledged by him, apparently with no trace of bitterness. Sincere repentance for that conduct is apparent, as well as an honest determination never again to degrade himself or his profession by his conduct. There is no question but that his disbarment has been most keenly felt.

Such being our view of the facts we conclude that through understanding, attitude, and expiation this petitioner has met the burden which his petition has placed upon him with respect to character and rehabilitation. Kepler v. State Bar of California, 216 Cal. 52, 13 P.2d 509; In Re Mash, 39 Cal.App. 548, 179 P. 897. Further, we conclude that the period of time elapsed since disbarment (over six years) is sufficient to constitute atonement for the particular acts of misconduct which are involved in this case.

IT IS ORDERED that petitioner be reinstated as a member of the State Bar of Nevada.

BADT and MCNAMEE, JJ., concur.

---

No. 3695

June 16, 1959
340 P.2d 1007

On Rehearing: **Decision of reinstatement affirmed.**

*George Rudiak,* of Las Vegas, for Petitioner.

*A. R. Schindler, Edwin C. Mulcahy, John C. Bartlett* and *Douglas A. Busey,* all of Reno, for State Bar of Nevada.

**OPINION**

ON REHEARING

*Per Curiam:*

The State Bar of Nevada has petitioned for rehearing upon our decision that Nubar Wright be reinstated to membership. [75 Nev. 111, 335 P.2d 609.]

In several respects the petition suggests that limitations and conditions should, in the public interest, be imposed upon a disbarred attorney's right to reinstatement. There may well be merit in such suggestions. If so, they should be fixed by rule and not by decision in disregard of existing rules. Accordingly, rehearing was denied upon all such grounds.

Upon one ground only was rehearing granted. Our decision of reinstatement was contrary to recommendations of the Board of Governors made after a full hearing. The petition for rehearing asserted that the decision of the Board of Governors was based in part upon the attitude of the applicant as a witness and upon his demeanor in answering questions and that this court in reaching its judgment as to character rehabilitation had not had the opportunity of confrontation of the applicant.

We regarded this proposition as having obvious merit. Accordingly, in granting rehearing, we directed that Nubar Wright should personally state his case for reinstatement to this court and submit to questioning by a representative of the State Bar and by members of this court.

Such rehearing has now been had and this court has had the opportunity to observe the demeanor of the applicant and to judge by such observation the sincerity and good faith of his present application and of the extent of his rehabilitation.

After such observation of the applicant and consideration of his attitude, our decision of reinstatement is affirmed.