An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN RE: PETITION FOR REINSTATEMENT OF KENNETH LONG, BAR NO. 6042.

No. 60026

FILED

APR 17 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER OF REINSTATEMENT

This is a petition for reinstatement to the practice of law by suspended attorney Kenneth Long. On September 20, 2011, this court suspended Long from the practice of law for 32 months, retroactive to March 7, 2008. In re: Discipline of Long, Docket No. 56461 (Order Approving Revised Conditional Guilty Plea Agreement, September, 20, 2011). Long has filed with the state bar a petition for reinstatement pursuant to SCR 116. On November 7, 2011, a hearing was held before a Southern Nevada Disciplinary Board reinstatement hearing panel, which subsequently issued its findings of fact, conclusions of law, and recommendation.

The panel found that Long had complied with the prior disciplinary panel's recommendations and concluded that he had demonstrated by clear and convincing evidence that he possesses the moral qualifications, competency, and learning in law required for admission to practice and that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar, to the administration of justice, or to the public interest. The panel recommended that Long's petition be granted, subject to the conditions that: (1) he be placed on probation for 32 months; (2) he obtain a neutral

mentor acceptable to bar counsel, one that he is not employed by or practicing law with; (3) the mentor shall submit monthly reports to the State Bar detailing his or her contacts with Long, his or her impressions of Long, and other pertinent observations; (4) he not act as a solo practitioner while on probation; (5) Long's employers must provide quarterly reports to the State Bar and to the mentor regarding any issues pertinent to Long's practice of law; and (6) he pay the costs of the reinstatement proceedings. The panel also recommended that Long take continuing legal education courses in any area of law new to him before performing any legal work in that area, but did not make this a condition of Long's probation.

SCR 116(2) requires that an attorney seeking reinstatement must

> demonstrat[e] by clear and convincing evidence that he or she has the moral qualifications, competency, and learning in law required for admission to practice law in this state, and that his or her resumption of the practice of law will not be detrimental to the integrity and standing of the bar, to the administration of justice, or to the public interest.

While a disciplinary panel's recommendation is persuasive, we review a petition for reinstatement de novo. See In re Nubar Wright, 75 Nev. 111, 335 P.2d 609 (1959). Having reviewed the record, we conclude that clear and convincing evidence supports the panel's findings and conclusions. We therefore approve the panel's recommendation that the petition be granted subject to conditions; however, we conclude that some of the conditions require modification and that the panel's recommendation regarding continuing legal education should be a formal

condition. Accordingly, the conditions of Long's reinstatement are as follows:

(1) Long is placed on probation for 36 months from the date of this order;

(2) Long must obtain a neutral mentor acceptable to bar counsel, one that he is not employed by or practicing law with, and Long's longtime personal friend, attorney Afshin Tadayon, may not act as such a mentor;

(3) The mentor shall submit monthly reports to the State Bar detailing his or her contacts with Long, his or her impressions of Long, and other pertinent observations;

(4) Long may not act as a solo practitioner while on probation;

(5) Long's employers must provide quarterly reports to the State Bar and to the mentor regarding any issues pertinent to Long's practice of law, including the areas of law involved in his current caseload;

(6) Long must take continuing legal education courses in any area of law new to him before performing any legal work in that area and be prepared to show his mentor and the State Bar proof of said CLE completion should one of his employer's reports detail that Long is handling a case outside of his normal experience; and

(7) Long must pay the costs of the reinstatement proceedings within 30 days from the date of this order.

Accordingly, Kenneth Long is hereby reinstated to the practice of law, subject to the conditions set forth above.

It is so ORDERED.[1]

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

cc:     David Clark, Bar Counsel
        Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        William B. Terry, Chartered
        Perry Thompson, Admissions Office, United States Supreme Court

_____

[1]The Honorable Nancy Saitta, Justice, did not participate in the decision of this matter.

CHERRY, J., dissenting:

I would deny reinstatement at this time. Still glaring is that Long does not appear to accept full responsibility and accountability for what he has done by refusing to admit his dishonesty or that the senior citizen involved was in fact victimized by him.

I am also disappointed that Long's conditions of reinstatement do not exclude him from representing elderly clients and do not mandate that he take continuing legal education in the area of elderly law.

_____Cherry_____, J.
Cherry