An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF
REINSTATEMENT OF GARY SEGAL,
BAR NO. 3220.

No. 67663

**FILED**

DEC 23 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF REINSTATEMENT*

This is a petition for reinstatement to the practice of law by suspended attorney Gary M. Segal. A hearing panel of the Southern Nevada Disciplinary Board recommended that Segal be reinstated to the practice of law subject to conditions.

This court suspended Segal for six months and one day. *In re Discipline of Segal*, Docket No. 44401 (Order of Suspension, March 25, 2005). In a separate order, this court ordered that prior to seeking reinstatement, Segal must pass the Nevada Bar Examination within the two years preceding his reinstatement petition and file proof that he did not have any clients that were residents of California as of August 27, 2008. *In re the Matter of Segal*, Docket No. 59574 (Order Denying Reciprocal Discipline, Dec. 7, 2012). This court also provided that if Segal were granted reinstatement, such reinstatement would be subject to Segal being on probation for three years, and during that three-year period, Segal would have to complete double the yearly requirement of CLE credits. *Id.*

SUPREME COURT
OF
NEVADA

(O) 1947A

15-39467

In its March 19, 2015, findings of fact, conclusions of law, and recommendation, the hearing panel found that Segal had met his burden for reinstatement. Thus, the panel recommended that Segal be reinstated subject to a three-year probation from the effective date of reinstatement subject to the following conditions: (1) double the CLE requirement for each calendar year; (2) no solo practice; (3) a mentor agreement, with quarterly reports and the mentor to be approved by the State Bar; (4) re-taking the MPRE;[1] (5) payment of the costs of the disciplinary proceedings, excluding staff salaries, offset by Segal's $1,000 advance deposit already paid; and (6) no additional discipline during the probation period for conduct occurring after reinstatement.

Based on our de novo review, we agree with the panel's conclusion that Segal has met his burden for reinstatement with clear and convincing evidence. *See* SCR 116(2) (requiring an attorney to demonstrate "by clear and convincing evidence that he or she has the moral qualifications, competency, and learning in law required for admission to practice law in this state" and that the attorney's "resumption of the practice of law will not be detrimental to the integrity and standing of the bar, to the administration of justice, or to the public interest"); *Application of Wright*, 75 Nev. 111, 112-13, 335 P.2d 609, 610 (1959) (reviewing a petition for reinstatement de novo). We therefore approve the panel's recommendation that the petition be granted subject to conditions. Accordingly, Gary M. Segal is hereby reinstated to the practice of law, subject to the conditions set forth above. Segal shall pay

---

[1] While Segal has submitted to this court an MPRE score from March 2015, Segal shall submit his MPRE score to the state bar so that the bar may verify that he has passed the MPRE.

the costs of the reinstatement proceeding within 30 days of this order.  *See* SCR 120.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:   Chair, Southern Nevada Disciplinary Board
Cooper Coons Ltd.
Stan Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court