IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF
REINSTATEMENT OF GARY L.
MYERS, BAR NO. 3120.

No. 71429

FILED

DEC 1 2 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF REINSTATEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that suspended attorney Gary L. Myers' petition for reinstatement be granted.

This court previously suspended Myers for four years, retroactive to February 2012. *In re Discipline of Myers*, Docket No. 67694 (Order of Suspension, September 29, 2015). In that order, we imposed conditions that Myers was required to follow during his suspension, as well as conditions that Myers was required to satisfy before seeking reinstatement.

In its October 4, 2016, findings of fact, conclusions of law, and recommendation, the hearing panel found that Myers had satisfied all conditions and had otherwise met his burden for reinstatement under SCR 116(2). Thus, the hearing panel recommended that Myers be reinstated subject to the following conditions: (1) Myers must not practice law out of his home; (2) Myers must obtain a mentor for two years, who shall provide quarterly reports to the State Bar regarding Myers and his fitness to

practice law, and who shall ensure that Myers has no access to trust account funds for the period of the mentorship; (3) Myers must not have access to trust account funds for a period of four years following an order of reinstatement from this court; (4) Myers must have a bookkeeper or accountant oversee his accounts if he engages in the solo practice of law; (5) within six months following an order of reinstatement from this court, Myers shall schedule an appointment with Dr. Robert Hunter to evaluate Myers' continued mental fitness to practice law, and Dr. Hunter shall provide a report of Myers' fitness to Myers' mentor, who shall bring any concerns regarding Myers' fitness to the State Bar's attention; (6) Myers shall pay any unpaid costs of the disciplinary proceedings, excluding staff salaries; and (7) Myers shall not be subject to any additional discipline during his probation period.

Based on our de novo review, we agree with the panel's conclusion that Myers has satisfied his burden for reinstatement by clear and convincing evidence. *See* SCR 116(2) (requiring an attorney to demonstrate "by clear and convincing evidence that he or she has the moral qualifications, competency, and learning in law required for admission to practice law in this state" and that the attorney's "resumption of the practice of law will not be detrimental to the integrity and standing of the bar, to the administration of justice, or to the public interest"); *Application of Wright*, 75 Nev. 111, 112-13, 335 P.2d 609, 610 (1959) (reviewing a petition for reinstatement de novo). We therefore approve the panel's recommendation that the petition be granted subject to conditions. Accordingly, Gary L. Myers is hereby reinstated to the practice of law, subject to the conditions set forth above. Myers shall pay

any unpaid costs of the reinstatement proceeding within 30 days of this order. *See* SCR 120.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                                            Douglas

_____, J.          _____, J.
Cherry                                               Gibbons

_____, J.          _____, J.
Pickering                                           Stiglich

cc:    Chair, Southern Nevada Disciplinary Board
       Michael J. Warhola, LLC
       C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, U.S. Supreme Court