# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF
REINSTATEMENT OF RICHARD L.
CRANE, BAR NO. 9536.

No. 73460

FILED

NOV 29 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF REINSTATEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that suspended attorney Richard L. Crane's petition for reinstatement be granted.

This court previously suspended Crane for three years. *In re Discipline of Crane*, Docket No. 59168 (Order of Suspension, Jan. 10, 2013). In that order, we required that before seeking reinstatement, Crane had to participate in therapy, meet the requirements of his criminal probation, abstain from further criminal or professional misconduct, and pay the costs of the disciplinary proceeding. Crane initially sought reinstatement in 2015, but this court denied that petition because Crane failed to prove that he had meaningfully participated in therapy for three years. Thus, this court stated that we were "convinced that a period of [meaningful] participation [in therapy] commensurate with the original suspension is appropriate to demonstrate Crane's rehabilitation and moral qualifications to practice law." *In re Reinstatement of Crane*, Docket No. 68052 (Order Denying Reinstatement, Jan. 22, 2016). We further concluded that, because Crane demonstrated that he had begun to meaningfully participate in therapy in November 2013, he could file another petition for reinstatement

17-41042

on or after November 1, 2016. *Id.* Finally, we stated that we would be disinclined to grant a successive petition unless Crane also proved he had not engaged in any additional criminal or professional misconduct and had otherwise met the requirements for reinstatement. *Id.*

On February 28, 2017, Crane filed the underlying petition for reinstatement. The hearing panel entered its findings of fact, conclusions of law, and recommendation on June 29, 2017, and found Crane had demonstrated that he meaningfully participated in therapy for three years and otherwise satisfied the conditions of his suspension and this court's prior order denying his initial petition. The panel also found that Crane had demonstrated his competency and learning in the law as he is an experienced attorney and continued working in the legal profession and attending CLE classes while on suspension. Thus, the panel recommended that Crane be reinstated to the practice of law in Nevada, subject to a two-year probation and the following conditions: Crane meet with his therapist at least once per month, he refrain from committing any sex-related offenses, he attend 75 Sex Addicts Anonymous meetings per year, he provide reports to the State Bar six times per year in the first year of probation and quarterly in the second year of probation, he submit to a polygraph every six months at his own expense, and he pay the actual costs of the reinstatement proceeding. The panel's recommendation was then filed with this court on July 14, 2017.

Based on our de novo review, we agree with the panel's conclusion that Crane satisfied his burden in seeking reinstatement by clear and convincing evidence. *See* SCR 116(2) (requiring an attorney to demonstrate by "clear and convincing evidence that he or she has the moral qualifications, competency, and learning in law required for admission to

 

practice law in this state" and that the attorney's "resumption of the practice of law will not be detrimental to the integrity and standing of the bar, to the administration of justice, or to the public interest"); *Application of Wright*, 75 Nev. 111, 112-13, 335 P.2d 609, 610 (1959) (reviewing a petition for reinstatement de novo). We therefore approve the panel's recommendation that the petition be granted subject to conditions.

Accordingly, Richard L. Crane is hereby reinstated to the practice of law in Nevada, subject to the conditions set forth above. Crane shall pay any unpaid costs of the reinstatement proceeding within 30 days of this order. *See* SCR 120(1) (2007).

It is so ORDERED.

_____, C.J.
Cherry

_____, J.          _____, J.
Douglas                                              Gibbons

_____, J.          _____, J.
Pickering                                             Hardesty

_____, J.          _____, J.
Parraguirre                                         Stiglich

cc:     Chair, Southern Nevada Disciplinary Board
        William B. Terry, Chartered
        C. Stanley Hunterton, Bar Counsel, State of Nevada
        Kimberly K. Farmer, Executive Director, State Bar of Nevada

 

Perry Thompson, Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A