# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF
REINSTATEMENT OF IAN
CHRISTOPHERSON, BAR NO. 3701.

No. 75747

FILED

JUL 19 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF REINSTATEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that suspended attorney Ian Christopherson's petition for reinstatement be granted.

This court previously suspended Christopherson for four years, retroactive to the July 24, 2013 date of his temporary suspension, for violating RPC 8.4(b) (misconduct: committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer) due to his convictions in federal court on two felony counts of tax evasion. *In re Discipline of Christopherson*, Docket No. 71050 (Order of Suspension, Jan. 19, 2018).

On February 1, 2018, Christopherson filed the underlying petition for reinstatement. The hearing panel found that Christopherson demonstrated that he had complied with the prior order of suspension and had not committed any misconduct during or since his suspension. The panel also found that Christopherson demonstrated that he had kept informed about recent developments in the law and was competent to practice, as he was an experienced attorney and had continued working in the legal profession as a law clerk or paralegal during his suspension. The panel further found that Christopherson recognized the wrongfulness and seriousness of his misconduct, and that he had the requisite honesty and integrity to be reinstated to the practice of law. Thus, the panel

18-27609

recommended that Christopherson be reinstated to the practice of law in Nevada subject to the condition that he refrain from setting up and managing a solo law practice for a period of two years from the date of his reinstatement.

Based on our de novo review, we agree with the panel's conclusion that Christopherson has satisfied his burden in seeking reinstatement by clear and convincing evidence. *See* SCR 116(2) (requiring an attorney to demonstrate the criteria for reinstatement by clear and convincing evidence); *Application of Wright*, 75 Nev. 111, 112-13, 335 P.2d 609, 610 (1959) (reviewing a petition for reinstatement de novo). We therefore approve the panel's recommendation that the petition be granted subject to the condition set forth above.

Accordingly, Ian Christopherson is hereby reinstated to the practice of law in Nevada subject to the condition indicated above. Christopherson shall pay any unpaid costs of the reinstatement proceeding plus the costs of the transcript of the proceedings within 30 days of this order. *See* SCR 120.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.        _____, J.
Cherry                                              Gibbons

_____, J.        _____, J.
Pickering                                          Hardesty

_____, J.        _____, J.
Parraguirre                                       Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A

2

cc: Chair, Southern Nevada Disciplinary Board
Michael J. Warhola, LLC
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court