# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF
REINSTATEMENT OF R.
CHRISTOPHER READE, BAR NO. 6791.

No. 76935

FILED

NOV 2 8 2018

ELIZABETH BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF REINSTATEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation to grant suspended attorney R. Christopher Reade's petition for reinstatement.

This court previously suspended Reade for four years for violating RPC 8.4(b) (misconduct: committing a criminal act that reflects adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer) due to his felony conviction in federal court on one count of accessory after the fact to laundering of monetary instruments. *In re Discipline of Reade*, 133 Nev., Adv. Op. 87, 405 P.3d 105 (2017). This court also required Reade to pay the costs associated with that disciplinary proceeding. *Id.* Reade's suspension term has ended and a panel has recommended that he be reinstated to the practice of law in Nevada subject to certain conditions.

Based on our de novo review,[1] we agree with the panel's conclusion that Reade has satisfied his burden in seeking reinstatement by clear and convincing evidence. *See* SCR 116(2) (requiring an attorney to

---

[1]This matter was submitted to the court on the record and we therefore review it without briefing or oral argument. SCR 116(2).

18-906019

demonstrate the criteria for reinstatement by clear and convincing evidence); *Application of Wright*, 75 Nev. 111, 112-13, 335 P.2d 609, 610 (1959) (reviewing a petition for reinstatement de novo). We therefore reinstate Reade to the practice of law in Nevada as of the date of this order, subject to the following conditions:

> a. Reade is required to provide the State Bar with any information or reports required by any other State Bar or Bar Counsel.

> b. Reade must obtain a mentor, the identity of whom must be agreed upon by the State Bar. Reade shall meet with the mentor on a regular basis to discuss his practice. The mentor shall file a monthly report with the State Bar for a period of one year following Reade's reinstatement.

> c. If no disciplinary action is commenced against Reade within the one-year probationary period, all conditions of reinstatement will end at that time.

If he has not already done so, Reade shall pay the actual costs of the reinstatement proceeding within 30 days of this order. *See* SCR 120.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Chair, Southern Nevada Disciplinary Board
Boyack Orme & Anthony
Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court