IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF
REINSTATEMENT OF CLARENCE E.
GAMBLE, BAR NO. 4268

No. 79027

FILED

SEP 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF REINSTATEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation to grant suspended attorney Clarence E. Gamble's petition for reinstatement.

In 2002, on review of a hearing panel's recommendation to approve a conditional guilty plea agreement in exchange for a stated form of discipline, this court suspended Gamble from the practice of law for three years starting on January 7, 2002. *See In re Discipline of Gamble*, Docket No. 38537 (Order Approving Conditional Guilty Plea, Jan. 7, 2002). The order suspending Gamble required that he satisfy the conditions set forth in the plea agreement before seeking reinstatement, including paying restitution and the costs of the disciplinary proceeding, and meeting monthly with bar counsel to monitor the status of his restitution payments and to confirm that his law clerk duties did not constitute the practice of law. The plea agreement also provided that, if reinstated, he would be subject to a one-year probationary period during which he must pass the

SUPREME COURT
OF
NEVADA

(O) 1947A

19-39299

Multi-State Professional Responsibility Examination and must work in a group setting, either government practice or an established law firm, with no access to bank accounts. Gamble filed his petition for reinstatement with the State Bar on February 21, 2019—more than 14 years after his 3-year suspension ended. He has taken and passed both the Multi-State Professional Responsibility Examination and the Nevada bar examination, *see* SCR 116(5) (requiring an attorney who has been suspended for five years or more to successfully complete the bar exam in order to be reinstated), and the panel has recommended that he be reinstated to the practice of law subject to certain conditions.

Based on our de novo review, we agree with the panel's conclusion that Gamble has satisfied his burden of proof in seeking reinstatement, including showing compliance with the conditions identified in the plea agreement underlying this court's order suspending Gamble. *See* SCR 116(2) (providing that an attorney seeking reinstatement must demonstrate compliance with certain criteria "by clear and convincing evidence"); *Application of Wright*, 75 Nev. 111, 112-13, 335 P.3d 609, 610 (1959) (reviewing a petition of reinstatement de novo). We therefore grant the petition for reinstatement.

Clarence E. Gamble is hereby reinstated to the practice of law in Nevada on the following conditions: Gamble shall be on probation for one year from the date of this order during which time he must work in a group setting, either government practice or an established law firm, with no access to bank accounts. Additionally, if he has not already done so, Gamble

must pay the costs of the reinstatement proceeding, including $2,500 under SCR 120(5), within 30 days of this order.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc:     Chair, Southern Nevada Disciplinary Board
        Parker, Nelson & Associates
        Bar Counsel, State Bar of Nevada
        Executive Director, State Bar of Nevada
        Admissions Office, U.S. Supreme Court