IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF
REINSTATEMENT OF WILLIAM M.
O'MARA, BAR NO. 837

No. 81073

FILED

OCT 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF REINSTATEMENT*

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation to deny suspended attorney William M. O'Mara's petition for reinstatement. This court suspended O'Mara from the practice of law for one year in 2015, *In re Discipline of O'Mara*, Docket No. 67908 (Order of Suspension, Nov. 10, 2015), and dismissed his 2018 petition for reinstatement on his request, *In re Reinstatement of O'Mara*, Docket No. 75065 (Order Approving Stipulation and Dismissing Reinstatement Proceeding, Apr. 12, 2018).

Our review of the petition for reinstatement is de novo. *Application of Wright*, 75 Nev. 111, 112-13, 335 P.2d 609, 610 (1959) (reviewing a petition for reinstatement de novo). Having considered the record, we agree with the hearing panel's conclusion that O'Mara satisfied most of the criteria set forth in SCR 116(2)(a)-(g) by clear and convincing evidence. We disagree, however, with the hearing panel's conclusion that O'Mara did not satisfy SCR 116(2)(f). And, although we appreciate the

20- 38949

hearing panel's lingering concerns as to whether he fully "recognizes the wrongfulness and seriousness of the misconduct" that resulted in his suspension, *see* SCR 116(2)(d), we are convinced that given the specific and limited nature of that misconduct, those concerns can be ameliorated by requiring that his practice be supervised for a period of time. *See* SCR 116(5) (allowing for conditions on reinstatement). Because appropriate conditions may be imposed to address the remaining area of concern, we conclude there is "good and sufficient reason" why O'Mara should be reinstated even though he did not satisfy all of the criteria in SCR 116(2)(a)–(g). SCR 116(2) (providing that if attorney does not satisfy all criteria stated in the rule, the attorney may be reinstated if he "presents good and sufficient reason why [he] should nevertheless be reinstated"); *see also Shoen v. State Bar of Nev.*, 136 Nev., Adv. Op. 30, 464 P.3d 402, 403-04 (2020) (acknowledging that "an attorney who cannot demonstrate the criteria still may be reinstated if [he] 'presents good and sufficient reason why [he] should be reinstated'" (quoting SCR 116(2))). Accordingly, we grant the petition for reinstatement.

Attorney William M. O'Mara is reinstated to the practice of law in Nevada effective on the date of this order. As a condition of his reinstatement, O'Mara must be supervised for a period of three years from the date of this order by a Nevada licensed attorney who is approved by the State Bar and has experience in estate planning. The attorney supervising O'Mara during that period shall counsel O'Mara on the Rules of Professional Conduct that he violated and provide periodic reports to the State Bar regarding O'Mara's practice. O'Mara shall also pay the costs of

the reinstatement proceeding, including $2,500 under SCR 120, within 30 days from the date of this order, if he has not done so already.

It is so ORDERED.

_____, C.J.
Pickering

_____, J.            _____, J.
Gibbons                                         Hardesty

_____, J.            _____, J.
Parraguirre                                     Stiglich

_____, J.            _____, J.
Cadish                                          Silver

cc:    Chair, Northern Nevada Disciplinary Board
       Hal Taylor
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada