# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF
REINSTATEMENT OF KRISTOPHER
M. MILICEVIC, BAR NO. 12447.

No. 82337



FILED

APR 09 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER OF REINSTATEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation to reinstate suspended attorney Kristopher M. Milicevic with certain conditions. As no briefs have been filed, this matter stands submitted for decision. SCR 116(2).

This court suspended Milicevic from the practice of law for three years for violating RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.16 (declining or terminating representation), RPC 1.5 (fees), RPC 8.1(d) (disciplinary matters), and RPC 8.4 (misconduct). *In re Discipline of Milicevic*, Docket Nos. 71578 and 72696 (Order of Suspension, June 13, 2017). Milicevic filed his petition for reinstatement on June 29, 2020, after his suspension ended. Following a hearing, the panel unanimously recommended that he be reinstated to the practice of law with certain conditions.

Based on our de novo review, we agree with the panel's conclusions that Milicevic has satisfied his burden in seeking reinstatement by clear and convincing evidence. SCR 116(2) (providing that an attorney seeking reinstatement must demonstrate compliance with certain criteria "by clear and convincing evidence"); *Application of Wright*, 75 Nev. 111, 112-13, 335 P.2d 609, 610 (1959) (reviewing a petition for reinstatement de novo). We therefore approve the panel's recommendation that Milicevic be

21-10282

reinstated. We also approve the conditions on reinstatement recommended by the panel, as set forth below.

Accordingly, Kristopher M. Milicevic is hereby reinstated to the practice of law in Nevada. As conditions of his reinstatement, Milicevic must (1) obtain a mentor approved by the State Bar who will review his practice to ensure that he does not abandon his clients; (2) either work in a law firm under the supervision of another attorney, or work in an environment that has sufficient staff to prevent him from being overwhelmed by his practice; (3) continue mental health counseling with Dr. Ryder for the next year and attend at least one session each quarter or more often if recommended to ensure he does not have any mental health relapse; and (4) complete 15 CLE credits, 5 of which must be in ethics or professional responsibility, in addition to the credits required by SCR 210.[1]

It is so ORDERED.

_____, C.J.
Hardesty

_____
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

---

[1]Milicevic has complied with the hearing panel's recommendation that he pay the outstanding fees and costs from an earlier disciplinary proceeding as well as the SCR 120(5) costs for the reinstatement proceeding.

cc:    Chair, Southern Nevada Disciplinary Board
        Kristopher M. Milicevic
        Bar Counsel, State Bar of Nevada/Las Vegas
        Executive Director, State Bar of Nevada
        Admissions Office, U.S. Supreme Court