IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF
REINSTATEMENT OF LIBORIUS
AGWARA, BAR NO. 7576.

No. 82707

FILED

JUN 07 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER OF REINSTATEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation to reinstate suspended attorney Liborius Agwara with certain conditions. As no briefs have been filed, this matter stands submitted for decision. SCR 116(2).

This court suspended Agwara from the practice of law for three years, with two of those years deferred, for violating RPC 1.4 (communication), RPC 1.8 (conflict of interest: current clients: specific rules), RPC 1.15 (safekeeping of property), and RPC 8.4 (misconduct). *In re Discipline of Agwara*, Docket No. 77121 (Order Approving Conditional Guilty Plea Agreement, Oct. 21, 2019). Agwara petitioned for reinstatement on November 3, 2020, after his one year of actual suspension ended. Following a hearing, the panel unanimously recommended that he be reinstated to the practice of law with certain conditions.

Based on our de novo review, we agree with the panel's conclusion that Agwara has satisfied his burden in seeking reinstatement by clear and convincing evidence. SCR 116(2) (providing that an attorney seeking reinstatement must demonstrate compliance with certain criteria "by clear and convincing evidence"); *Application of Wright*, 75 Nev. 111, 112-

21-16202

13, 335 P.2d 609, 610 (1959) (reviewing a petition for reinstatement de novo). We therefore approve the panel's recommendation that Agwara be reinstated to the practice of law. We also approve the conditions on reinstatement recommended by the panel, as set forth below:

(1) Agwara shall be placed on probation through October 2022 and enter into a mentoring agreement with a mentor approved by the State Bar, who must meet with Agwara at least once per month and submit quarterly reports to bar counsel during the period of probation;

(2) Agwara shall provide to the State Bar an affidavit of due diligence detailing his efforts over a 120-day period to locate his nine (9) missing clients[1];

(3) Agwara shall provide the State Bar with documentation of all settlement payments made to client J. Monterroso, to the extent he has not already done so;

(4) Agwara shall transfer all remaining client funds in his Nevada State Bank trust account to his Wells Fargo Bank trust account;

(5) Agwara shall close his Nevada State Bank trust account;

(6) Agwara shall open a new client trust account for processing all future client funds;

(7) Agwara shall complete 6 CLE credits in the area of fiduciary duties, which may include education in client trust accounts, IOLTA duties or "earmarking" funds, as part of his 2021 CLE requirement; and

---

[1]If Agwara cannot locate his missing clients after a 120-day period of due diligence, he shall forfeit any funds belonging to those clients to the State Bar of Nevada's Client Security Fund.

(8) Agwara shall pay the costs of the reinstatement proceeding, including $2,500 under SCR 120, within 90 days from the date of this order, if he has not done so already.

With these conditions, we hereby reinstate Liborius I. Agwara to the practice of law in Nevada effective on the date of this order. *See* SCR 116(5) (allowing for conditions on reinstatement).

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc:    Chair, Southern Nevada Disciplinary Board
       Michael J. Warhola, LLC
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court