IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF
REINSTATEMENT OF JASON L.
LOPEZ, BAR NO. 7796.

No. 82172

FILED

JUN 07 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER DENYING REINSTATEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation to deny suspended attorney Jason L. Lopez's petition for reinstatement.

In 2018, this court suspended Lopez for two years, with all but the first six months and one day stayed, *In re Discipline of Lopez*, Docket No. 73894 (Order Approving Conditional Guilty Plea, Feb. 23, 2018), and later imposed the remainder of the suspension following his failure to comply with the conditions of the stayed suspension, *see In re Discipline of Lopez*, Docket No. 78511 (Order of Suspension, Oct. 11, 2019). Based on our de novo review, we agree with the hearing panel that Lopez failed to meet his burden in seeking reinstatement. *See* SCR 116(2); *Application of Wright*, 75 Nev. 111, 112-13, 335 P.2d 609, 610 (1959) (reviewing a petition for reinstatement de novo).

Lopez met his burden to demonstrate by clear and convincing evidence that he complied with the terms of his prior disciplinary order and did not engage in the unauthorized practice of law or any other professional misconduct during his period of suspension. SCR 116(2)(a)-(b), (e). Like the

21-16176

hearing panel, however, we are concerned that Lopez did not show that he "has abstained from the use of alcohol" for the past year. SCR 116(2)(c) (generally requiring an attorney seeking reinstatement to prove that they have "abstained from the use of [drugs or] alcohol" for a year if drugs or alcohol were a factor in his misconduct). Lopez argues that alcohol was not a causal factor in his suspension such that the rule's alcohol abstention requirement does not apply to him. We disagree. Lopez admits that his alcohol use contributed to his behavior that led to the temporary protection order against him, the violation of which resulted in his suspension.

We also agree that Lopez failed to demonstrate that he has "kept informed about recent developments in the law and is competent to practice," SCR 116(2)(g), particularly where he did not take any continuing legal education courses during the majority of his period of suspension. We also conclude that Lopez did not demonstrate by clear and convincing evidence that he recognizes the wrongfulness and seriousness of his misconduct, SCR 116(2)(d), or that he "has the requisite honesty and integrity to practice law," SCR 116(2)(f). Indeed, the majority of his testimony at the reinstatement hearing minimized the actions that led to his suspension and evinces a continued disregard of the law. Lastly, we reject Lopez's argument that he has "present[ed] good and sufficient reason why [he] should nevertheless be reinstated." SCR 116(2).

We therefore approve the panel's recommendation and deny Lopez's petition for reinstatement.[1] Lopez shall pay the costs of the

---

[1]We decline to adopt the hearing panel's recommendation to impose additional requirements before Lopez can reapply for reinstatement. *See*

reinstatement proceeding, including $2,500 under SCR 120, within 30 days from the date of this order, if he has not done so already.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc:    Chair, Southern Nevada Disciplinary Board
      Jason L. Lopez
      Bar Counsel, State Bar of Nevada
      Executive Director, State Bar of Nevada

---

SCR 116(6) (providing that an attorney must wait one year after an adverse decision before filing a successive petition for reinstatement).