IN THE SUPREME COURT OF THE STATE OF NEVADA

| IN THE MATTER OF REINSTATEMENT OF MICHAEL R. PANDULLO, BAR NO. 10707. | No. 82733 |
| --- | --- |

**FILED**

JUL 2 1 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER DENYING REINSTATEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation to grant suspended attorney Michael R. Pandullo's petition for reinstatement.

On March 23, 2020, this court suspended Pandullo from the practice of law for six months and one day. *In re Discipline of Pandullo*, Docket No. 79873 (Order of Suspension, Mar. 23, 2020). Based on our de novo review, we disagree with the hearing panel that Pandullo met his burden in seeking reinstatement. *See* SCR 116(2); *Application of Wright*, 75 Nev. 111, 112-13, 335 P.2d 609, 610 (1959) (reviewing a petition for reinstatement de novo). Aside from his testimony at the reinstatement hearing, Pandullo did not produce any documentation or other evidence to demonstrate "by clear and convincing evidence" that he satisfied the reinstatement criteria. SCR 116(2); *see also In re Discipline of Stuhff*, 108 Nev. 629, 634-35, 837 P.2d 853, 856 (1992) (providing that the "clear and convincing evidence" needed in disciplinary matters requires "evidence of tangible facts from which a legitimate inference . . . may be drawn" (quoting *Gruber v. Baker*, 20 Nev. 453, 477, 23 P. 858, 865 (1890))).

First, Pandullo did not demonstrate that he was in "full compliance with the terms and conditions" of this court's prior disciplinary order. SCR 116(2)(a). This court's order of suspension required Pandullo to "participate in the Nevada Lawyers Assistance Program (NLAP) *and*

*comply with any treatment recommendations" before* seeking reinstatement. *In re Pandullo*, Docket No. 79873, Order of Suspension at 3 (emphasis added). Because Pandullo did not comply with his NLAP provider's recommendations, we conclude that he did not demonstrate his compliance with the disciplinary order by clear and convincing evidence. Our de novo review of the record also leads us to conclude that Pandullo failed to demonstrate that he recognizes the wrongfulness and seriousness of his misconduct. SCR 116(2)(d). Indeed, most of Pandullo's testimony at the reinstatement hearing consisted of him denying the facts of certain grievances against him rather than addressing the misconduct at issue in the disciplinary order. In light of his testimony, we also conclude that Pandullo has not "present[ed] good and sufficient reason why [he] should nevertheless be reinstated." SCR 116(2).

We therefore disapprove the panel's recommendation and deny Pandullo's petition for reinstatement. Pandullo shall pay the costs of the reinstatement proceeding, including $2,500 under SCR 120, within 30 days from the date of this order, if he has not done so already.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Herndon

SUPREME COURT
OF
NEVADA

(O) 1947A

2

PICKERING, J., dissenting:

I would enter an order consistent with the unanimous recommendation of the reinstatement hearing panel of the Southern Nevada Disciplinary Board, which was to reinstate Pandullo subject to five specified conditions.

In a proceeding to review a hearing panel's reinstatement recommendation, the petitioning "attorney *or bar counsel* shall have 30 days from the date the supreme court acknowledges receipt of the record within which to file an opening brief *or otherwise advise the court if he or she intends to contest the hearing panel's findings and recommendations.*" SCR 116(2) (emphasis added). Although bar counsel argued against reinstatement before the hearing panel, bar counsel did not file a brief or advise this court that the bar contests the hearing panel's findings and recommendation of reinstatement. I recognize that our review is de novo and that our obligation to the public exists independent of bar counsel's litigation decision. But, the fact remains that this case comes to us on an uncontested recommendation to reinstate attorney Pandullo, with no briefs from either side. An attorney whose reinstatement petition is denied cannot apply again for reinstatement for a year. *See* SCR 116(6). With this, and given the prior proceedings in the case, the suspension of six months and a day ordered will have lasted more than four years before Pandullo can reapply. Given all this, and especially given bar counsel's failure to contest the hearing panel's reinstatement recommendation, I would at minimum ask Pandullo to file a brief supporting the panel's uncontested reinstatement recommendation before rejecting the recommendation.

As for the grievances discussed at the hearing, Pandullo was the only witness to testify; the grievances to which the court's order refers were raised by bar counsel on cross-examination and date back to the time

period in 2019 that led to the suspension order this court entered in March of 2020. I thus do not agree that the focus on these grievances at the hearing supports denying the petition. On the contrary, the record of proceedings in this case and those underlying the court's prior order imposing a suspension of six months and one day, which has been served, support the hearing panel's finding that Pandullo's application for reinstatement meets the requirements of SCR 116, and that the conditions are appropriate.

For these reasons, I respectfully dissent.

_____*Pickering*_____, J.
Pickering

cc:    Chair, Southern Nevada Disciplinary Board
       Michael R. Pandullo
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada