# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF
REINSTATEMENT OF DAVID
FRANCIS, BAR NO. 7705.

No. 82802 **FILED**

JUL 22 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER OF CONDITIONAL REINSTATEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation to reinstate suspended attorney David Francis with certain conditions. As no briefs have been filed, this matter stands submitted for decision. SCR 116(2).

This court suspended Francis from the practice of law for violating RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.15 (safekeeping property), RPC 5.3 (responsibilities regarding nonlawyer assistants), RPC 5.5 (unauthorized practice of law), RPC 7.2(k) (advertising), RPC 7.3 (communications with prospective clients), and RPC 8.4 (misconduct). *In re Discipline of Francis*, Docket No. 70020 (Order Approving Conditional Guilty Plea, June 14, 2016). Francis petitioned for reinstatement on December 4, 2020, after his term of suspension ended. Following a hearing, the panel unanimously recommended that he be reinstated to the practice of law with certain conditions.

We review the petition for reinstatement de novo. *Application of Wright*, 75 Nev. 111, 112-13, 335 P.2d 609, 610 (1959). Having considered the record, we agree with the panel that Francis satisfied most of the criteria set forth in SCR 116(2)(a)-(g) by clear and convincing evidence. SCR 116(2) (providing that an attorney seeking reinstatement must demonstrate compliance with certain criteria "by clear and convincing evidence"). And, as to his failure to strictly comply with the suspension order's requirement

 

that he participate in the Nevada Lawyer's Assistance Program, we conclude that he has "present[ed] good and sufficient reason why [he] should nevertheless be reinstated." SCR 116(2); *see also* SCR 116(2)(a) (requiring full compliance with the terms of all prior disciplinary orders for reinstatement). We therefore approve the panel's recommendation that Francis be reinstated to the practice of law. We also impose the following conditions on reinstatement:

(1) Francis shall provide the State Bar with copies of his federal income tax returns for tax years 2012 through 2020 to demonstrate that he has not owned or operated a law firm or shared in any legal fees from his former firm while suspended within 30 days from the date of this order, if he has not done so already.

(2) Francis shall attend Alcoholics Anonymous at least once per week for one year, provided that he continues his individual therapy. If Francis discontinues his individual therapy during that year, he shall attend Alcoholics Anonymous at least twice per week for the remainder of that year.

(3) Francis shall pay $150,000 to the Client Security Fund within 30 days from the date of this order, if he has not done so already.

(4) Francis shall pay the State Bar the costs of the disciplinary proceedings, excluding bar counsel and staff salaries, up to $150,000, within 90 days of receiving the bill from the State Bar.

(5) Francis shall participate in the State Bar's Mentoring Program for a period of one year from reinstatement. This requirement shall only apply if Francis is a sole practitioner

in Nevada or managing partner of a law firm in Nevada with access to client trust accounts and/or trust account funds. Participation in the State Bar's Mentoring Program will require monthly meetings with Francis's assigned mentor and providing regular compliance reports to the State Bar as ordered.

(6) Francis shall pay the costs of the reinstatement proceeding, including $2,500 under SCR 120, within 90 days from the date of this order, if he has not done so already.

Providing that Francis passes the Nevada bar exam, including the multi-state professional responsibility exam, and meets all other qualifications for admission to the Nevada bar, he shall be reinstated, subject to the above conditions. *See* SCR 116(5) (requiring an attorney who has been suspended for five years or more to successfully complete the bar exam in order to be reinstated and allowing for conditions on reinstatement).

It is so ORDERED.

_____, C.J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Stiglich

_____, J.
Silver

_____, J.
Herndon

cc: Chair, Southern Nevada Disciplinary Board
Johnson & Gubler, P.C.
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A

4