IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF
REINSTATEMENT OF PHILIP
SINGER, BAR NO. 7914.

No. 82992

FILED

SEP 14 202[...]

*ORDER OF CONDITIONAL REINSTATEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation to reinstate attorney Philip Singer with certain conditions. The parties waived briefing and oral argument by stipulation, which we approved. SCR 116(2).

In December 2011, this court disbarred Singer from the practice of law under former SCR 102(1), requiring that he wait a minimum of five years before seeking reinstatement.[1] *In re Discipline of Singer*, Docket No. 57548 (Order Approving Revised Conditional Guilty Plea Agreement, Dec. 21, 2011). The discipline order also required that, before seeking reinstatement, Singer pay $67,334.42 in restitution to clients and their lienholders, pay additional restitution to three other clients as ordered in

---

[1]When the State Bar filed its disciplinary complaint against Singer, SCR 102(1) and 116 permitted a disbarred attorney to seek reinstatement after waiting at least three years. *See* In the Matter of Amendments to Procedural Rules Governing Professional Misconduct, ADKT No. 392 (Order Amending Nevada Supreme Court Rules 98-123 and 212-213 and Adopting Rule 102.5, December 29, 2006) (amending SCR 102(1) and SCR 116, effective March 1, 2007, to make disbarment irrevocable).

binding fee dispute arbitration, complete 15 hours of continuing legal education, pass the Nevada bar exam and multi-state professional responsibility exam, and pay the costs of the disciplinary proceedings. *Id.* Singer petitioned for reinstatement on October 12, 2020, after waiting the minimum five years, and having complied with nearly all of the requirements in the disciplinary order.

Based on our de novo review, we agree with the panel's conclusions that Singer has satisfied his burden in seeking reinstatement by clear and convincing evidence. SCR 116(2) (providing that an attorney seeking reinstatement must demonstrate compliance with reinstatement criteria "by clear and convincing evidence"); *Application of Wright*, 75 Nev. 111, 112-13, 335 P.2d 609, 610 (1959) (reviewing a petition for reinstatement de novo). As to Singer's failure to strictly comply with the suspension order's requirement that he pay the disciplinary proceeding costs and restitution established through binding fee dispute arbitration, we conclude that he has "present[ed] good and sufficient reason why [he] should nevertheless be reinstated." SCR 116(2); *see* SCR 116(2)(a) (requiring full compliance with the terms of all prior disciplinary orders for reinstatement). In particular, Singer stated that he had not received a bill of costs from the State Bar, he has paid the required restitution, and he has agreed to reinstatement on a probationary status with the requirement that he pay the remaining balance owed for the disciplinary proceedings and repay the Client Security Fund for payments it made to clients and lienholders without Singer's knowledge. We therefore approve the panel's recommendation to reinstate Singer to the practice of law with a one-year

probation subject to the conditions set forth in his reinstatement agreement with the State Bar, summarized as follows:

> (1) All work performed by Singer must be supervised by another attorney. During the first six months of his probationary term, Singer must not be in solo practice and must be employed by a law firm at which he will have no access to bank or trust accounts. During the remaining six months of his probationary term, Singer must obtain an attorney mentor approved by the State Bar, who will continue to supervise his work.
>
> (2) Singer must repay $27,871.73 to the Client Security Fund before the probationary term expires.
>
> (3) Singer must pay $7,226.13 in outstanding administrative costs to the State Bar within the first six months of the probationary term, with payments of $1,204.35 due on the first of each month following entry of this order.
>
> (4) Singer must complete 5 CLE credits (2 ethics and 3 general) in addition to the credits required by SCR 210.
>
> (5) Singer must submit monthly reports to the State Bar confirming his compliance with the probation conditions.

Providing that Singer passes the multi-state professional responsibility exam[2] and meets all other qualifications for bar admission, he shall be reinstated to the practice of law in Nevada, subject to the above conditions. *See* SCR 116(5) (allowing conditions to reinstatement). Also,

---

[2]At the time of the reinstatement hearing, Singer was awaiting the results of the March 2021 exam.

Singer must pay the costs of the reinstatement proceeding, including $2,500 under SCR 120, within 30 days of this order, if he has not done so already.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.                            _____, J.
Parraguirre                                          Stiglich

_____, J.                            _____, J.
Cadish                                             Silver

_____, J.                            _____, J.
Pickering                                         Herndon

cc:    Chair, Southern Nevada Disciplinary Board
        Hofland & Tomsheck
        Bar Counsel, State Bar of Nevada
        Executive Director, State Bar of Nevada
        Admissions Office, U.S. Supreme Court