136 Nev., Advance Opinion 30

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LYNN R. SHOEN, Petitioner, vs. STATE BAR OF NEVADA, Respondent. | No. 79288 **FILED** MAY 28 2020 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Original petition for a writ of mandamus challenging a Nevada State Bar disciplinary board hearing panel chair's order striking a petition for reinstatement.

*Petition granted.*

Marquis Aurbach Coffing and Phillip S. Aurbach, Las Vegas,
for Petitioner.

Daniel M. Hooge, Bar Counsel, and Phillip J. Pattee, Assistant Bar Counsel, Las Vegas,
for Respondent.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, STIGLICH, J.:

Effective in January 2018, this court amended the rule governing the reinstatement of suspended attorneys to the practice of law. *See In re Amendments to Supreme Court Rule 116*, ADKT 525 (Order Amending Supreme Court Rule 116, Dec. 11, 2017) (noting that the amendments became effective 30 days after the date the order was filed).

The amended rule provides that an attorney may be reinstated if he or she demonstrates certain criteria, including "[f]ull compliance with the terms and conditions of all prior disciplinary orders," by clear and convincing evidence. SCR 116(2)(a). Unlike before the amendment, an attorney who cannot demonstrate the criteria still may be reinstated if the attorney "presents good and sufficient reason why the attorney should nevertheless be reinstated." SCR 116(2). This case asks whether the amended rule applies to a petition for reinstatement that was filed after the amendment but arises from a suspension imposed before the amendment. We conclude that the amended rule applies to any petition filed after the amendment's effective date regardless of when the suspension was imposed. As a result, a suspended attorney may apply for reinstatement under the amended rule even if she has not yet satisfied requirements that this court imposed in the disciplinary order as conditions precedent to applying for reinstatement, but she will have to present "good and sufficient reason" under SCR 116(2) to be reinstated despite that failure.

## FACTS AND PROCEDURAL HISTORY

On April 22, 2016, this court suspended petitioner, attorney Lynn R. Shoen, from the practice of law for four years and six months, beginning retroactively on April 24, 2014. *In re Discipline of Shoen*, Docket No. 69697 (Order Approving Conditional Guilty Plea Agreement, Apr. 22, 2016). As pertinent to the petition, we ordered that "Shoen shall pay $25,100 in restitution as outlined in the plea agreement, to be made in monthly payments and paid in full within one year of the date of this order." *Id.* The payment of restitution was "a condition precedent to the submittal of an application for reinstatement." *Id.* We also required that Shoen pay the costs of the disciplinary proceeding. *Id.*

In 2019, after her suspension period ended but before she had paid all of the restitution, Shoen petitioned for reinstatement. The State Bar moved to strike her petition because the suspension order required that Shoen pay restitution as a condition precedent to submittal of a reinstatement petition. The Southern Nevada Disciplinary Board hearing panel chair (the Board) granted the motion to strike, stating that it did "not have the authority to hear an application of reinstatement until the restitution is paid." Shoen now petitions this court for a writ of mandamus directing the Board to vacate its order striking her petition for reinstatement and to hear it on the merits under amended SCR 116(2). Shoen contends the amended rule allows for reinstatement without full compliance with prior disciplinary orders.

*We elect to consider the petition for a writ of mandamus*

This court may issue a writ of mandamus "to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station," NRS 34.160, when "there is not a plain, speedy and adequate remedy in the ordinary course of law," NRS 34.170. But whether to do so in a particular case is entirely within this court's discretion. *Okada v. Eighth Judicial Dist. Court*, 134 Nev. 6, 8, 408 P.3d 566, 569 (2018).

Here, Shoen has no other remedy in the ordinary course of law. While SCR 105(3)(a) provides, generally, for "an appeal from a decision of a hearing panel," and SCR 116(1)-(2) provides that a hearing panel's findings and recommendation on reinstatement petitions are reviewable by this court, both rules contemplate review of decisions on the merits, not orders striking filings. We conclude that an order striking a petition for reinstatement is not directly appealable or automatically reviewed under the Supreme Court Rules, and thus Shoen lacks a plain, adequate, and

speedy remedy to challenge the order. Further, the petition presents a question of law that could otherwise evade our review and affects any attorney who was suspended before the 2018 amendments to SCR 116. We therefore exercise our discretion to entertain Shoen's writ petition.

*A reinstatement petition is governed by the rules in effect when the petition is filed*

The primary concern in applying amended SCR 116(2) to Shoen's petition for reinstatement is whether doing so violates the general rule that statutes and other rules should not be applied retroactively: "In Nevada, as in other jurisdictions, statutes operate prospectively, unless the Legislature clearly manifests an intent to apply the statute retroactively . . . ." *Pub. Emps.' Benefits Program v. Las Vegas Metro. Police Dep't*, 124 Nev. 138, 154, 179 P.3d 542, 553 (2008). Shoen, however, did not seek reinstatement until after SCR 116(2) was amended. And while Shoen was disciplined before the amendments to SCR 116, the disciplinary action and the reinstatement action are two different proceedings.[1] Thus, because SCR 116 is specific to reinstatement proceedings and Shoen filed her reinstatement petition after the amendments to SCR 116 took effect, the amended rule applies to her reinstatement petition without implicating the general rule against retroactivity.

---

[1]Indeed, when the record of a reinstatement proceeding is filed with this court for its review of the hearing panel's findings and recommendation, the matter is docketed as a separate matter from any previous disciplinary proceeding regarding the attorney seeking reinstatement.

*Given the amendment to SCR 116(2), Shoen may file a petition for reinstatement regardless of the condition precedent to reinstatement imposed in the prior disciplinary order*

Our 2016 disciplinary order required that Shoen pay restitution as a condition precedent to her applying for reinstatement to the practice of law. At that time, SCR 116 did not address specific criteria that a suspended attorney had to demonstrate in order to be reinstated. Instead, it provided more generally that an attorney had to demonstrate the moral qualifications, competency, and learning in the law to be reinstated and that the attorney's resumption of the practice of law would not be detrimental to the public, the bar, or the administration of justice. SCR 116(2) (2016). Accordingly, this court sometimes included conditions in its disciplinary orders that the attorney had to satisfy either before applying for reinstatement or before being approved for reinstatement. In doing so, the court tried to fill gaps in the reinstatement rule on a case-by-case basis. That ad hoc approach is no longer necessary in light of the amended reinstatement rule. And enforcing those ad hoc conditions without exception undermines the reasons for the amendments. *See* SCR 116(2) (2018) (allowing an attorney to be reinstated despite failing to fully comply with the terms of a previous disciplinary order).

## CONCLUSION

Accordingly, we conclude that an attorney who has not completed conditions precedent to reinstatement that were included in a disciplinary order may nonetheless petition for reinstatement but will have to "present[ ] good and sufficient reason why the attorney should nevertheless be reinstated." *Id.* Because Shoen's petition for reinstatement was not considered under this standard and because she has no other avenue for relief, writ relief is appropriate. *See* NRS 34.170. We therefore

grant Shoen's petition for a writ of mandamus and direct the clerk of this court to issue a writ of mandamus directing the hearing panel chair to vacate the order striking Shoen's reinstatement petition.[2]

_____, J.
Stiglich

We concur:

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cadish

_____, J.
Silver

_____

[2]Nothing in this opinion should be construed as commenting on the merits of Shoen's reinstatement petition.