# THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF DISCIPLINE OF JOSEPH IARUSSI, BAR NO. 9284 | No. 79030 |
| IN THE MATTER OF DISCIPLINE OF JOSEPH B. IARUSSI, BAR NO. 9284 | No. 81338 ✓ |

FILED

OCT 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER DENYING PETITION FOR TEMPORARY SUSPENSION AND APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

Docket No. 79030 is a petition under SCR 111, in which the State Bar reported that attorney Joseph B. Iarussi had entered a guilty plea to possession of a controlled substance, a felony in violation of NRS 453.336. In that matter, we deferred a decision on whether to temporarily suspend Iarussi until after sentencing in the criminal case, and we referred the matter to the Southern Nevada Disciplinary Board for formal disciplinary proceedings. From that referral, and based on other unrelated conduct, Iarussi entered into a conditional guilty plea agreement in exchange for a stated form of discipline. Docket No. 81338 is an automatic review of the hearing panel's recommendation that this court approve that agreement pursuant to SCR 113. Under the agreement, Iarussi admitted to violating

20-38946

RPC 1.4 (communication), RPC 1.15 (safekeeping property), and RPC 8.4(b) (misconduct: committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness).

Iarussi has admitted to the facts and violations as part of the disciplinary conditional guilty plea agreement. The record therefore establishes that Iarussi knowingly violated RPC 8.4(b) by committing a criminal offense that adversely reflects on his fitness as a lawyer.[1] Additionally, the record establishes that Iarussi violated RPC 1.15 and RPC 1.4 by depositing settlement funds obtained on behalf of a minor into a bank account not approved as a trust account, waiting several years to petition the court for compromise of the minor's claim and to deposit the funds into a blocked account, and failing to communicate with the minor's representatives regarding the status of the case despite requests for such information. In exchange for his guilty plea, Iarussi agreed to a one-year suspension from the practice of law and to pay the disciplinary proceeding costs.

Based on our review of the record, we approve the conditional guilty plea agreement.[2] SCR 113. Iarussi acted knowingly in violating the

---

[1] After accepting Iarussi's guilty plea in the criminal case, the district court stayed adjudication and placed Iarussi on probation for three years subject to a diversion program.

[2] Because the conduct addressed in the petition for temporary suspension in Docket No. 79030 was subsequently addressed in Docket No. 81338 in reaching the conditional guilty plea agreement, and by the panel in recommending approval of the agreement, we deny as moot the petition for temporary suspension in Docket No. 79030.

above-referenced rules; his conduct resulted in actual or potential injury to his client, the public, the legal system, and the profession; and the record supports the panel's findings of three aggravating circumstances (prior disciplinary offenses, vulnerability of victim, and substantial experience in the practice of law) and four mitigating circumstances (full and free disclosure to disciplinary authority/cooperative attitude, personal or emotional problems, imposition of other penalties, and remorse). *See In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (setting forth four factors to be considered in determining appropriate discipline: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors"). Considering the factors outlined in *Lerner*, we agree that the one-year suspension recommended in Docket No. 81338 is appropriate and serves the purpose of attorney discipline. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2018) ("Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client."); *see also generally State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney).

Accordingly, we hereby suspend attorney Joseph Iarussi from the practice of law in Nevada for a period of one year commencing from the date of this order. Also, Iarussi must pay the costs of the disciplinary

proceeding, including $2,500 under SCR 120 within 90 days from the date of this order.[3] The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____ Pickering _____, C.J.
                Pickering

_____ Gibbons _____, J.      _____ Hardesty _____, J.
Gibbons                                          Hardesty

_____ Parraguirre _____, J.  _____ Stiglich _____, J.
Parraguirre                                      Stiglich

_____ Cadish _____, J.       _____ Silver _____, J.
Cadish                                           Silver

cc:   Chair, Southern Nevada Disciplinary Board
      Bar Counsel, State Bar of Nevada
      Joseph B. Iarussi
      Executive Director, State Bar of Nevada
      Admissions Office, U.S. Supreme Court

---

[3]The conditional guilty plea agreement included a condition that Iarussi must pay the costs of a previous disciplinary matter before applying for reinstatement, but as we explained in *Shoen v. State Bar of Nevada*, 136 Nev., Adv. Op. 30, 464 P.3d 402, 405 (2020), a 2018 amendment to SCR 116(2) renders such ad hoc reinstatement-based conditions unnecessary. The condition is not included in the panel's written recommendation to approve the agreement.