IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF REINSTATEMENT OF LYNN R. SHOEN, BAR NO. 1197.

No. 82238

FILED

MAR 03 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER OF REINSTATEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation to reinstate suspended attorney Lynn R. Shoen with certain conditions. As no briefs have been filed, this matter stands submitted for decision. SCR 116(2).

This court suspended Shoen from the practice of law for four years and six months commencing from April 24, 2014, based on violations of several rules of professional conduct, including RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.8 (conflict of interest: current clients: specific rules), RPC 1.15 (safekeeping property), RPC 3.4 (fairness to opposing party and counsel), RPC 8.1(a) (bar admission and disciplinary matters), and RPC 8.4 (misconduct). *In re Discipline of Shoen*, Docket No. 69697 (Order Approving Conditional Guilty Plea Agreement, Apr. 22, 2016). Shoen filed her petition for reinstatement on April 23, 2019. The hearing panel initially struck Shoen's petition because she had not satisfied all of the conditions of the disciplinary order, but this court issued a writ of mandamus directing the hearing panel to vacate the order striking her petition. *See Shoen v. State Bar of Nev.*, 136 Nev., Adv. Op. 30, 464 P.3d 402, 405 (2020) (discussing how recent amendments to the disciplinary rules affected the

21-06281

consideration of Shoen's petition). Following a hearing, the panel unanimously recommended that she be reinstated to the practice of law with certain conditions.

Our review of the petition for reinstatement is de novo. *Application of Wright*, 75 Nev. 111, 112-13, 335 P.2d 609, 610 (1959) (reviewing a petition for reinstatement de novo). Having considered the record, we agree with the hearing panel's conclusion that Shoen satisfied most of the criteria set forth in SCR 116(2)(a)-(g) by clear and convincing evidence. And, while Shoen did not pay the entirety of the restitution before seeking reinstatement as required by this court's disciplinary order, we are satisfied that Shoen has demonstrated "good and sufficient reason why [she] should nevertheless be reinstated." SCR 116(2); *see also Shoen*, 136 Nev., Adv. Op. 30, 464 P.3d at 403-04 (2020) (acknowledging that "an attorney who cannot demonstrate the criteria still may be reinstated if [she] 'presents good and sufficient reason why [she] should be reinstated'" (quoting SCR 116(2))). We therefore approve the panel's recommendation that Shoen be reinstated. We also approve the conditions on reinstatement recommended by the panel, as set forth below.

Accordingly, attorney Lynn R. Shoen is hereby reinstated to the practice of law in Nevada effective on the date of this order. As a condition of her reinstatement, Shoen shall be prohibited from maintaining her own practice and shall instead be required to work under the supervision of another Nevada licensed attorney with at least ten years of experience. Shoen shall also be prohibited from being a signatory to or having any access to any trust account or client or third-party funds of any kind, regardless of the characterization of those funds, such as "flat-fee." Shoen shall also be placed on probation for a period of two (2) years, during which

time she shall be required to pay all outstanding restitution and costs owed and have a mentor approved by the State Bar. Shoen shall also pay the costs of the reinstatement proceeding, including $2,500 under SCR 120, within 30 days from the date of this order, if she has not done so already.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc: Chair, Southern Nevada Disciplinary Board
Lynn R. Shoen
Bar Counsel, State Bar of Nevada/Las Vegas
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A